UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **UNIFICATION TECHNOLOGIES LLC,**<br><br>        **Plaintiff,**<br><br>        **v.**<br><br>**MICRON TECHNOLOGY, INC.,**<br>**MICRON SEMICONDUCTOR**<br>**PRODUCTS, INC., MICRON**<br>**TECHNOLOGY TEXAS LLC,**<br><br>        **Defendants.** | **Civil Action No. 6:20-CV-500-ADA** |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., Micron Technology Texas LLC ("Micron" or "Defendants") submit this Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff Unification Technologies LLC's ("UTL" or "Plaintiff") Complaint.

The numbered paragraphs below correspond to the numbered paragraphs in the Complaint and constitute Defendants' responsive admissions, denials, and allegations thereto. Except as otherwise Defendants admit expressly below, Defendants deny each and every allegation contained in the Complaint, including, without limitation, the headings, subheadings, footnotes, diagrams, and tables contained in the Complaint.

Defendants reserve the right to amend or supplement their Answer and Affirmative Defenses.

## NATURE OF THE SUIT

1.     Micron admits that the Complaint purports to be a civil action for infringement

1

under the patent laws of the United States, but denies any liability related to the Complaint. Except as expressly admitted, Micron denies the remaining allegations in paragraph 1.

## THE PARTIES

2.      Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies the same.

3.      Micron Technology, Inc. ("MTI") admits that it is a Delaware corporation with a principal place of business at 8000 South Federal Way, Boise, Idaho 83716. Except as expressly admitted, Micron denies the remaining allegations in paragraph 3.

4.      Micron Semiconductor Products, Inc. ("MSP") admits that it is an Idaho corporation with a principal place of business at 8000 South Federal Way, Boise, Idaho 83716. MSP admits that it leases a property located at 101 West Louis Henna Boulevard, Suite 210, Austin, Texas 78728. MSP admits that it is registered to do business in Texas. MSP admits that it can be served with certain process through its registered agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Except as expressly admitted, Micron denies the remaining allegations in paragraph 4.

5.      Micron Technology Texas, LLC ("Micron Texas") admits that it is an Idaho limited liability company with a place of business at 8000 South Federal Way, Boise, Idaho 83716. Micron Texas admits that it has a place of business at 805 Central Expressway South, Suite 100, Allen, Texas 75013. Micron Texas admits that it can be served with certain process through its registered agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Except as expressly admitted, Micron denies the remaining allegations in paragraph 5 of the Complaint.

6.      Micron denies the allegations of paragraph 6.

7.      Micron denies the allegations of paragraph 7.

8.      Micron denies the allegations of paragraph 8.

9.      Micron denies the allegations of paragraph 9.

10.     Micron denies the allegations of paragraph 10.

## JURISDICTION

11.     Paragraph 11 contains conclusions of law and not averments of fact to which the rules require an answer, but insofar the rules require an answer, Micron admits that the Complaint purports to assert an action under the patent laws of the United States, 35 U.S.C. § 271 *et seq*., and that this Court has subject matter jurisdiction over actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

12.     Based solely on the allegations in the Complaint, and assuming (without admitting) them to be true, Micron does not contest personal jurisdiction in this district in this case.  Except as expressly admitted, Micron denies the remaining allegations in paragraph 12.

13.     Micron denies the allegations of paragraph 13.

14.     Micron denies the allegations of paragraph 14.

15.     Micron denies the allegations of paragraph 15.

16.     Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies the same.

17.     Micron denies the allegations of paragraph 17.

18.     Micron denies the allegations of paragraph 18.

19.     Micron denies the allegations of paragraph 19.

20.     Micron denies the allegations of paragraph 20.

21.     Micron admits that MSP and Micron Texas are wholly owned subsidiaries of MTI. Micron admits that MTI currently does not separately report revenue from MSP or Micron Texas in its public filings submitted to the Securities Exchange Commission. Except as expressly

admitted, Micron denies the remaining allegations in paragraph 21.

22.     Micron denies the allegations of paragraph 22.

## FACTUAL BACKGROUND

23.     Paragraph 23 contains conclusions of law and not averments of fact to which the rules require an answer, but insofar the rules require an answer, Micron admits that the Complaint purports to assert an action of infringement of United States Patent Nos. 8,762,658 ("the '658 Patent"); 8,533,406 ("the '406 Patent"); and 9,632,727 ("the '727 Patent") (collectively, the "Patents-in-Suit").

24.     Micron denies that the subject matter recited in the claims of the Patents-in-Suit are a valuable contribution to the SSD product industry.  Micron lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint and therefore denies the same.

25.     Micron admits that, according to the face of the document, the '658 Patent is entitled "Systems and Methods For Persistent Deallocation" and was issued on June 24, 2014, from U.S. Patent Application No. 13/566,471, filed on August 3, 2012, naming David Flynn, Jonathan Thatcher, and Michael Zappe as the inventors.  Micron admits that Exhibit 12 attached to the Complaint purports to be a copy of the '658 Patent.  Except as expressly admitted, Micron denies the remaining allegations in paragraph 25.

26.     Micron admits that, according to the face of the document, the '658 Patent is a continuation of U.S. Patent No. 8,261,005.  Micron lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint and therefore denies the same.

27.     Micron denies the allegations in paragraph 27.

28.     Micron lacks sufficient knowledge or information to form a belief as to the truth of

the allegations in paragraph 28 of the Complaint and therefore denies the same.

29.    Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore denies the same.

30.    Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and therefore denies the same.

31.    Micron admits that, according to the face of the document, the '406 Patent is entitled "Apparatus, System, and Method For Identifying Data That Is No Longer In Use" and was issued on September 10, 2013, from U.S. Patent Application No. 13/607,486, filed on September 7, 2012, naming David Flynn, Jonathan Thatcher, and Michael Zappe as the inventors.  Micron admits that Exhibit 13 attached to the Complaint purports to be a copy of the '406 Patent.  Except as expressly admitted, Micron denies the remaining allegations in paragraph 31.

32.    Micron admits that, according to the face of the document, the '406 Patent is a continuation of the '658 Patent.  Micron lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint and therefore denies the same.

33.    Micron denies the allegations of paragraph 33.

34.    Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies the same.

35.    Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and therefore denies the same.

36.    Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and therefore denies the same.

37.    Micron admits that, according to the face of the document, the '727 Patent is

entitled "Systems and Methods For Identifying Storage Resources That Are Not In Use" and was issued on April 25, 2017, from U.S. Patent Application No. 14/309,751, filed on June 19, 2014, naming David Flynn, Jonathan Thatcher, and Michael Zappe as the inventors.  Micron admits that Exhibit 14 attached to the Complaint purports to be a copy of the '727 Patent.  Except as expressly admitted, Micron denies the remaining allegations in paragraph 37.

38.   Micron admits that, according to the face of the document, the '727 Patent is a continuation of the '658 Patent.  Micron lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 38 of the Complaint and therefore denies the same.

39.   Micron denies the allegations of paragraph 39.

40.   Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and therefore denies the same.

41.   Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and therefore denies the same.

42.   Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and therefore denies the same.

43.   Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and therefore denies the same.

44.   Micron denies that it makes, uses, sells, offers to sell, or imports products that are covered by one or more valid and enforceable claim of any of the Patents-in-Suit.  Micron lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and therefore denies the same.

45.   Micron denies the allegations of paragraph 45.

## GENERAL ALLEGATIONS

46.     Micron denies the allegations in paragraph 46.

47.     Micron denies the allegations in paragraph 47.

48.     Micron admits that the Patents-in-Suit were identified in the Complaint when the above-captioned litigation was filed.  Micron denies the remaining allegations in paragraph 48.

49.     Micron denies the allegations in paragraph 49.

50.     Micron denies the allegations in paragraph 50.

51.     Micron denies the allegations in paragraph 51.

52.     Micron denies that it makes, uses, sells, offers to sell, or imports products that are covered by one or more valid and enforceable claim of any of the Patents-in-Suit.  Micron denies the allegations in paragraph 52.

53.     Micron admits that Exhibits 15-17 attached to the Complaint purport to be sample claim charts.

54.     For each alleged count of infringement listed below, Micron incorporates and re-states by reference its responses to the allegations contained in the preceding paragraphs above including the responses to the General Allegations of the Complaint as if fully set forth in each alleged count of infringement.

## COUNT I: ALLEGED INFRINGEMENT OF THE '658 PATENT

55.     Micron repeats and incorporates by reference its responses to the allegations of paragraphs 1-54 of the Complaint as if fully set forth herein.

56.     Micron denies the allegations in paragraph 56.

57.     Micron denies the allegations in paragraph 57.

58.     Micron denies the allegations in paragraph 58.

59.     Micron denies the allegations in paragraph 59.

60.     Micron admits that the '658 Patent was identified in the Complaint when the above-captioned litigation was filed.  Micron denies the remaining allegations in paragraph 60.

61.     Micron denies the allegations in paragraph 61.

## COUNT II: ALLEGED INFRINGEMENT OF THE '406 PATENT

62.     Micron repeats and incorporates by reference its responses to the allegations of paragraphs 1-61 of the Complaint as if fully set forth herein.

63.     Micron denies the allegations in paragraph 63.

64.     Micron denies the allegations in paragraph 64.

65.     Micron denies the allegations in paragraph 65.

66.     Micron denies the allegations in paragraph 66.

67.     Micron denies the allegations in paragraph 67.

68.     Micron admits that the '406 Patent was identified in the Complaint when the above-captioned litigation was filed.  Micron denies the remaining allegations in paragraph 68.

69.     Micron denies the allegations in paragraph 69.

## COUNT III: ALLEGED INFRINGEMENT OF THE '727 PATENT

70.     Micron repeats and incorporates by reference its responses to the allegations of paragraphs 1-69 of the Complaint as if fully set forth herein.

71.     Micron denies the allegations in paragraph 71.

72.     Micron denies the allegations in paragraph 72.

73.     Micron denies the allegations in paragraph 73.

74.     Micron denies the allegations in paragraph 74.

75.     Micron admits that the '727 Patent was identified in the Complaint when the above-captioned litigation was filed.  Micron denies the remaining allegations in paragraph 75.

76.     Micron denies the allegations in paragraph 76.

## DEMAND FOR A JURY TRIAL

77.     Micron admits that the Complaint purports to demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

78.     Micron denies that UTL is entitled to any relief in this action, as requested in paragraphs (i)-(vi) of UTL's Prayer for Relief or otherwise.

## MICRON'S AFFIRMATIVE DEFENSES

Subject to its responses above, and upon information and belief, Micron alleges and asserts these defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated.  In addition to the affirmative defenses described below, subject to the responses above, Micron reserves all rights to allege additional defenses pursuant to any scheduling order, that become known through the course of discovery, or otherwise.

## FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

1.     UTL has failed to plead its claims with sufficient specificity or factual support to place Micron on notice of the claims UTL is asserting against it, such that UTL has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

2.     Micron has not infringed and does not infringe (i) directly, either literally or under the doctrine of equivalents, (ii) indirectly by contributing to infringement by others, either literally or under the doctrine of equivalents, and/or (iii) indirectly by inducing others to infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit, willfully or otherwise.

## THIRD AFFIRMATIVE DEFENSE – INVALIDITY

9

3.      One or more claims of the Patents-in-Suit are invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

4.      One or more claims are limited by the text of the Patents-in-Suit and prosecution histories of the Patents-in-Suit and related patents such that UTL is estopped, or otherwise precluded, from asserting that the claim is infringed by Micron, literally or by equivalents.

## FIFTH AFFIRMATIVE DEFENSE – WAIVER AND ESTOPPEL

5.      UTL's claims for relief, in whole or in part, are barred by the doctrines of waiver and/or equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE – LICENSE AND COVENANT NOT TO SUE

6.      UTL's claims for relief, in whole or in part, are precluded to the extent any of the claims of the Patents-in-Suit are subject to a license and covenant not to sue, express and/or implied.

## SEVENTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS

7.      UTL's recovery for any infringement of the Patents-in-Suit that it might establish is limited to any established infringement occurring no more than six years before the filing of this lawsuit, pursuant to 35 U.S.C. § 286.

## EIGHTH AFFIRMATIVE DEFENSE – LACK OF MARKING

8.      UTL's recovery for alleged infringement of the Patents-in-Suit, if any, is limited to alleged infringement committed after UTL provided actual or constructive notice of infringement under 35 U.S.C. § 287.

## NINTH AFFIRMATIVE DEFENSE – NO WILLFUL INFRINGEMENT

9.      UTL fails to state a claim for relief against Micron for enhanced or increased

damages for willful infringement.

### TENTH AFFIRMATIVE DEFENSE – NO EXCEPTIONAL CASE

10.     UTL fails to state a claim for relief against Micron for exceptional case under 35 U.S.C. § 285.

### ELEVENTH AFFIRMATIVE DEFENSE – NO COSTS

11.     UTL is barred by 35 U.S.C. § 288 from recovering any costs associated with this lawsuit.

### TWELFTH AFFIRMATIVE DEFENSE – LACK OF STANDING

12.     To the extent that UTL was not the sole and total owner of all substantial rights in any of the Patents-in-Suit as of the filing date of the Complaint, UTL lacks standing to bring one or more claims in this lawsuit.

### THIRTEENTH AFFIRMATIVE DEFENSE – EXHAUSTION

13.     UTL's claims are barred, in whole or in part, by the doctrine of patent exhaustion.

### FOURTEENTH AFFIRMATIVE DEFENSE – ABSENCE OF DAMAGES

14.     UTL has not suffered and will not suffer any injury or damages as a result of Micron's alleged conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE – LACHES AND UNCLEAN HANDS

15.     UTL is barred, in whole or in part, under principles of equity, including laches, prosecution laches, and/or unclean hands.  UTL is also barred by issue preclusion from reasserting or altering its, or its predecessor-in-interest's, positions on factual and legal issues that were previously adjudicated.

### SIXTEENTH AFFIRMATIVE DEFENSE – 28 U.S.C. § 1498

16.     UTL's recovery for alleged infringement of the Patents-in-Suit, if any, is limited pursuant to 28 U.S.C. § 1498 to the extent that any alleged infringement, in whole or part, is

attributable to the United States government.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Micron reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## COUNTERCLAIMS

Micron, by and through its undersigned counsel, incorporates its answers and affirmative defenses as set forth above, and alleges counterclaims against Plaintiff/Counter-Defendant UTL for invalidity and non-infringement of the Patents-in-Suit as follows:

## BACKGROUND

1.      According to the allegations set forth in its Complaint, UTL claims to be the assignee and owner of the Patents-in-Suit.  Dkt. 1 ¶¶ 28, 34, 40.

2.      UTL has accused Micron of infringing the Patents-in-Suit.  Micron denies that any of its products infringe any valid and enforceable claim in the Patents-in-Suit.

3.      An actual case and controversy exists between Micron and UTL concerning the alleged infringement of one or more claims of the Patents-in-Suit, and that controversy is ripe for adjudication.

## PARTIES

4.      Counterclaim-Plaintiff MTI is a Delaware corporation with its principal place of business at 8000 S. Federal Way, Boise, Idaho 83716.

5.      Counterclaim-Plaintiff Micron Texas is an Idaho limited liability company with its principal office at 8000 S. Federal Way, Boise, Idaho 83716.

6.      Counterclaim-Plaintiff MSP is an Idaho corporation with its principal office at 8000

S. Federal Way, Boise, Idaho 83716.

7.      Counterclaim-Defendant UTL alleges it is a Texas limited liability company with its principal place of business at 6136 Frisco Square Boulevard, Suite 400, Frisco, Texas 75034. *See* Dkt. 1 ¶ 2.

## JURISDICTION AND VENUE

8.      This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction over these Counterclaims under §§ 1331 and 1338(a).  These Counterclaims arise under the patent laws of the United States.

9.      This Court has personal jurisdiction over UTL, at least because by initiating this lawsuit, UTL has submitted to this District's jurisdiction.

10.     Venue for these Counterclaims is proper under this District under 28 U.S.C. §§ 1391 and 1400.

## COUNTERCLAIM 1

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '658 PATENT)

11.     Micron incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

12.     An actual controversy exists between Micron and UTL as to whether Micron infringes the '658 Patent, as UTL contends, or does not do so, as Micron contends.

13.     Micron has been damaged by UTL's filing of a lawsuit against Micron based on a patent that Micron does not infringe.

14.     By this Counterclaim, Micron seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '658 Patent either directly or indirectly, literally or under the doctrine of equivalents, or willfully, and is entitled to a declaration.

15.     A judicial declaration is necessary and appropriate at this time such that Micron

13

may ascertain its rights and duties with respect to the '658 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

16.     This is an exceptional case entitling Micron to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM 2

## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '658 PATENT)

17.     Micron incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

18.     An actual controversy exists between Micron and UTL as to whether the '658 Patent is valid, as UTL contends, or is invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282, as Micron contends.

19.     For example, U.S. Patent No. 7,409,489 ("Sinclair"), attached hereto as Exhibit A, was filed on October 25, 2005, and issued on August 5, 2008, and is therefore prior art under at least § 102(e).

20.     Sinclair anticipates and/or renders obvious one or more claims of the '658 Patent.

21.     By this Counterclaim, Micron seeks a declaration that the claims of the '658 Patent are invalid.  A judicial declaration is necessary and appropriate at this time such that Micron may ascertain its rights and duties with respect to the '658 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

22.     This is an exceptional case entitling Micron to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM 3

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '406 PATENT)

23.     Micron incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

24.     An actual controversy exists between Micron and UTL as to whether Micron infringes the '406 Patent, as UTL contends, or does not do so, as Micron contends.

25.     Micron has been damaged by UTL's filing of a lawsuit against Micron based on a patent that Micron does not infringe.

26.     By this Counterclaim, Micron seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '406 Patent either directly or indirectly, literally or under the doctrine of equivalents, or willfully, and is entitled to a declaration.

27.     A judicial declaration is necessary and appropriate at this time such that Micron may ascertain its rights and duties with respect to the '406 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

28.     This is an exceptional case entitling Micron to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM 4

## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '406 PATENT)

29.     Micron incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

30.     An actual controversy exists between Micron and UTL as to whether the '406 Patent is valid, as UTL contends, or is invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282,

as Micron contends.

31.    For example, Sinclair, attached hereto as Exhibit A, was filed on October 25, 2005, and issued on August 5, 2008, and is therefore prior art under at least § 102(e).

32.    Sinclair anticipates and/or renders obvious one or more claims of the '406 Patent.

33.    By this Counterclaim, Micron seeks a declaration that the claims of the '406 Patent are invalid.  A judicial declaration is necessary and appropriate at this time such that Micron may ascertain its rights and duties with respect to the '406 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

34.    This is an exceptional case entitling Micron to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**COUNTERCLAIM 5**

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '727 PATENT)**

35.    Micron incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

36.    An actual controversy exists between Micron and UTL as to whether Micron infringes the '727 Patent, as UTL contends, or does not do so, as Micron contends.

37.    Micron has been damaged by UTL's filing of a lawsuit against Micron based on a patent that Micron does not infringe.

38.    By this Counterclaim, Micron seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '727 Patent either directly or indirectly, literally or under the doctrine of equivalents, or willfully, and is entitled to a declaration.

39.    A judicial declaration is necessary and appropriate at this time such that Micron may ascertain its rights and duties with respect to the '727 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

16

40.     This is an exceptional case entitling Micron to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM 6

## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '727 PATENT)

41.     Micron incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

42.     An actual controversy exists between Micron and UTL as to whether the '727 Patent is valid, as UTL contends, or is invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282, as Micron contends.

43.     For example, Sinclair, attached hereto as Exhibit A, was filed on October 25, 2005, and issued on August 5, 2008, and is therefore prior art under at least § 102(e).

44.     Sinclair anticipates and/or renders obvious one or more claims of the '727 Patent.

45.     By this Counterclaim, Micron seeks a declaration that the claims of the '727 Patent are invalid.  A judicial declaration is necessary and appropriate at this time such that Micron may ascertain its rights and duties with respect to the '727 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

46.     This is an exceptional case entitling Micron to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## JURY DEMAND

47.     Pursuant to Federal Rule of Civil Procedure 38(b), Micron demands a trial by jury on all issues so triable.

## <u>MICRON'S PRAYER FOR RELIEF</u>

WHEREFORE, Micron prays for judgment as follows:

A.      For dismissal of UTL's Complaint with prejudice, and that UTL shall take nothing against Micron;

B.      For a judgment and declaration that Micron does not infringe each and every claim in the Patents-in-Suit;

C.      For a judgment and declaration that the Patents-in-Suit, and each and every claim thereof, are invalid;

D.      For a judgment, pursuant to 35 U.S.C. § 285, that UTL's conduct renders this case exceptional and that the Court award Micron its attorneys' fees and costs;

E.      The Court award Micron's costs of suit; and

F.      For such other and further relief as the Court deems just and proper.

Dated: February 18, 2021                    Respectfully submitted,

By:   */s/ Michael R. Rueckheim*
_____
        Thomas M. Melsheimer
        State Bar No. 13922550
        TMelsheimer@winston.com
        Natalie Arbaugh
        State Bar No. 24033378
        NArbaugh@winston.com
        WINSTON & STRAWN LLP
        2121 N. Pearl Street, Suite 900
        Dallas, TX  75201
        Telephone:  (214) 453-6500
        Facsimile:   (214) 453-6400

        Katherine Vidal
        *Pro Hac Vice*
        State Bar No. 194971
        KVidal@winston.com
        Michael R. Rueckheim
        State Bar No. 24081129
        MRueckheim@winston.com
        WINSTON & STRAWN LLP
        275 Middlefield Road, Suite 205
        Menlo Park, CA 94025
        Telephone: (650) 858-6500
        Facsimile: (650) 858-6559

        Vivek V. Krishnan
        *Pro Hac Vice*
        VKrishnan@winston.com
        WINSTON & STRAWN LLP
        35 W. Wacker Drive
        Chicago, IL 60601
        Telephone: (312) 558-5600
        Facsimile: (312) 558-5700

        **ATTORNEYS FOR DEFENDANTS
        MICRON TECHNOLOGY, INC.,
        MICRON SEMICONDUCTOR
        PRODUCTS, INC., MICRON
        TECHNOLOGY TEXAS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 18th day of February , 2021, a true and correct copy of Defendants' Answer to Plaintiff's Complaint for Patent Infringement was electronically filed with the Clerk of Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means.

<u>*/s/ Michael R. Rueckheim*</u>
Michael R. Rueckheim