# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Unification Technologies LLC, | |
| *Plaintiff*, | Civil Action No. 6:20-cv-500-ADA |
| v. | Jury Trial Demanded |
| Micron Technology, Inc., et al. | |
| *Defendants*. | |

**PLAINTIFF'S UNOPPOSED MOTION FOR ISSUANCE OF LETTERS OF REQUEST**

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................... 1

II. FACTUAL BACKGROUND ................................................................................... 1

III. LEGAL STANDARDS ............................................................................................ 2

    A. The Hague Convention ................................................................................ 2

    B. Traditional Letters Rogatory in Taiwan ...................................................... 4

    C. The Court's Authority .................................................................................. 5

IV. ARGUMENT ............................................................................................................ 7

    A. The Evidence Sought is Relevant, Important, and Discoverable ................ 7

    B. The Letters Are Specific .............................................................................. 8

    C. The Information Originated Outside the United States .............................. 8

    D. There Are No Alternative Means of Obtaining the Information ................ 9

    E. The United States' Interest in Enforcing its Laws is Strong, and There Are No Strong Countervailing Foreign Interests ................................................... 9

V. CONCLUSION ....................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases:**                                                                                                                            **Page(s):**

*Autodesk, Inc. v. ZWCAD Software Co.,*
    2015 U.S. Dist. LEXIS 39695 (N.D. Cal. Mar. 27, 2015) ...................................................... 10

*Benton Graphics v. Uddeholm Corp.,*
    118 F.R.D. 386 (D.N.J. 1987) ..................................................................................................... 8

*Cywee Grp., Ltd. v. Huawei Device Co.,*
    2018 U.S. Dist. LEXIS 218552 (E.D. Tex. Jul. 12, 2018) ........................................................ 6

*In re Activision Blizzard, Inc. Stockholder Litig.,*
    86 A.3d 531 (Del. Ch. 2014) ...................................................................................................... 8

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.,*
    2010 U.S. Dist. LEXIS 89275 (E.D.N.Y. Aug. 27, 2010) ...................................................... 10

*Intel Corp. v. Advanced Micro Devices, Inc.,*
    542 U.S. 241 (2004) .................................................................................................................... 4

*Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.,*
    841 F. Supp. 2d 769 (S.D.N.Y. 2012) .................................................................................... 4, 7

*Nat. Gas Pipeline Co. v. Energy Gathering, Inc.,*
    2 F.3d 1397 (5th Cir. 1993) ........................................................................................................ 5

*Nike, Inc. v. Wu,*
    349 F. Supp. 3d 310 (S.D.N.Y. 2018) .................................................................................. 9, 10

*Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa,*
    482 U.S. 522 (1987) .......................................................................................................... 6, 7, 8, 9

*Tiffany (NJ) LLC v. Andrew,*
    2012 U.S. Dist. LEXIS 160522 (S.D.N.Y. Nov. 7, 2012) ......................................................... 4

*Triump Aerostructures LLC v. Comau, Inc.,*
    2015 U.S. Dist. LEXIS 125347 (N.D. Tex. Sept. 18, 2015) ................................................. 5, 6

*Tulip Computers Int'l B.V. v. Dell Computer Corp.,*
    254 F. Supp. 2d 469 (D. Del. 2003) ........................................................................................... 3

*United States v. El-Mezain,*
    664 F.3d 467 (5th Cir. 2011) ...................................................................................................... 5

*United States v. Reagan*,
    453 F.3d 165 (6th Cir. 1971) ............................................................................................. 4

**Rules, Regulations and Statutes:**

22 C.F.R. § 92.54 ...................................................................................................................... 4

22 C.F.R. § 92.66(b) ................................................................................................................. 4

28 U.S.C. § 1781(a) .................................................................................................................. 5

28 U.S.C. § 1781(b) .................................................................................................................. 5

Fed. R. Civ. P. 28(b)(1)(B) ....................................................................................................... 5

Fed. R. Civ. P. 28(b)(2) ............................................................................................................ 5

Fed. R. Civ. P. 34 ..................................................................................................................... 9

**Other Authorities:**

23 U.S.T. 2555, TIAS 7444 .................................................................................................. 2, 8

Permanent Bureau of the Hague Conference on Private International Law,
    *Practical Handbook on the Operation of the Evidence Convention* (2016) .............................. 3

## I. INTRODUCTION

Plaintiff Unification Technologies LLC ("UTL"), seeks issuance of letters of request and letters rogatory seeking evidence from non-parties Memblaze Technology Co., Ltd. ("Memblaze") in the People's Republic of China and Silicon Motion, Inc. ("SMI") and Phison Electronics Corp. ("Phison") in Taiwan. UTL seeks the source code that operates the controllers that are incorporated into Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC's (collectively, "Micron's" or "Defendant's") accused products. The parties conferred on October 18, 2021, and Micron does not oppose this Motion. The requested letters rogatory and letters of request are attached as Exhibits A (China) and B (Taiwan), respectively. The evidence sought is plainly relevant to at least UTL's infringement theories and will be highly useful at trial. This Court has authority to issue the letters, and in the circumstances of this case, it is appropriate to issue them.

## II. FACTUAL BACKGROUND

On June 5, 2020, UTL sued Micron for patent infringement. Dkt. 1. The patents-in-suit, in general terms, relate to managing data on solid-state devices such as Flash memory drives in order to make certain storage functions more efficient. Each of Micron's accused products involve solid-state devices ("the Accused Devices") that include a controller which contains source code that details, in part, these storage functions that are the subject of the patents-in-suit.

Fact discovery in this case opened on March 8, 2021 (Dkt. 70) and subsequently on June 8, 2021, Micron agreed to produce source code for the Accused Devices that relate to the patents-in-suit. *See* Ex. C, Micron's Supplemental Response to UTL's First Set of Requests for Production of Documents and Things No. 26. That same day, Micron also disclosed for the first time in its Supplemental Response to UTL's Interrogatories, the specific identity of several third party

1

suppliers of source code for certain Accused Devices including SMI, Memblaze, and Phison. Micron later stated that it did not have the source code from these third parties. *See, e.g.*, Ex. K (July 16, 2021 E-mail from Micron's counsel).

Soon after learning of the third-party source code, UTL attempted to obtain the third party source code in two ways. First, UTL served subpoenas on US-related entities of the third parties. *See, e.g.*, Exs. D, E, F, and G (Subpoenas to SMI and Phison's US-related entities). In response, each US related third party responded that they did not have the requested source code. *See*, Exs. H, I, and J (SMI and Phison's responses). Second, UTL requested that Micron invoke its inspection and indemnification rights via Supply Agreements with the third parties to request the source code from the third parties, but Micron did not agree. Ex. K. UTL then asked the Court to compel Micron to request the information from the third parties, but UTL's request was denied. Dkt. 79. UTL now seeks the third party source code via the present letters of request and letters rogatory.

## III. LEGAL STANDARDS

### A. The Hague Convention

China, like the United States, is a party to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, TIAS 7444, better known as the Hague Evidence Convention. The Convention provides that each contracting state must designate a central authority to receive letters of request from the judicial authorities of another contracting state seeking to take evidence in the receiving state. *See* Convention, art. 2. When the central authority receives the letter of request, it transmits them to the competent authority, usually a court, for execution under local law. *See id.* art. 6. The Convention prescribes the form of a letter of request, *see id.* art. 3. A letter of request may request that the receiving state use particular methods for taking evidence, unless incompatible with local law. *See id.* art. 9. The Convention

preserves a witness's rights to refuse to give evidence when the witness has a privilege under the law of either state. *See id.* art. 11. Parties to the Convention are required to execute letters of request unless it finds that they do not comply with the provisions of the Convention, *see id.* art. 5, or unless execution would prejudice the state's sovereignty or security, *see id.* art. 12(b).

Under Article 23 of the Convention, a contracting state may "declare that it will not execute Letters of Request issued for the purpose of obtaining pretrial discovery of documents as known in Common Law countries." Convention art. 23. China has made such a declaration under Article 23, but its declaration is qualified rather than absolute. The Chinese declaration reads as follows:

> [I]n accordance with Article 23 of the Convention concerning the Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries, only the request for obtaining discovery of the documents clearly enumerated in the Letters of Request and of direct and close connection with the subject matter of the litigation will be executed.

*See* Chinese Declaration, *available at* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=493&disp=resdn. The purpose of such a qualified declaration, as distinguished from more general declarations that state, without qualification, that a state will not execute requests for pre-trial discovery of documents, is to avoid "fishing expeditions." *See* Permanent Bureau of the Hague Conference on Private International Law, *Practical Handbook on the Operation of the Evidence Convention* ¶ 329 (2016). Such qualified declarations apply to bar only those requests that lack sufficient specificity or that have not been reviewed by the U.S. court for relevance. *See, e.g., Tulip Computers Int'l B.V. v. Dell Computer Corp.,* 254 F. Supp. 2d 469, 474-75 (D. Del. 2003). The Chinese authorities produce documents in response to letters of request notwithstanding China's qualified objection, and the Chinese central authority makes its own determinations about whether all or part of a request for documents exceeds the boundaries of its qualified declaration, which requires a "direct and close connection with the subject matter of the

litigation." *See, e.g., Tiffany (NJ) LLC v. Andrew,* 2012 U.S. Dist. LEXIS 160522, at *4 (S.D.N.Y. Nov. 7, 2012).

### B. Traditional Letters Rogatory in Taiwan

Taiwan, unlike the People's Republic of China, is not a party to the Convention, and therefore it is necessary to make use of a traditional letter rogatory in order to obtain evidence in Taiwan. A letter rogatory is a "request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 247 n.1 (2004) (citation and internal quotation marks omitted); *see also* 22 C.F.R. § 92.54 ("the term *letters rogatory* denotes a formal request from a court in which an action is pending, to a foreign court to perform some judicial act. Examples are request for the taking of evidence …"). . "Parties may use letters rogatory to 'take evidence from a specific person within the foreign jurisdiction.'" *Id.* (quoting *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 775 (S.D.N.Y. 2012)). "A letter rogatory can include requests for the production of documents." *Id.* (citing *United States v. Reagan*, 453 F.3d 165, 168 (6th Cir. 1971)).

While some countries permit letters rogatory to be sent directly from court to court, some countries require the letters rogatory to be submitted through the diplomatic channel. *See* 22 C.F.R. § 92.66(b). Taiwan's law on execution of letters rogatory, the Law in Supporting Foreign Courts on Consigned Cases (外國法院委託事件協助法), Apr. 23, 1963, *available at* https://law.moj.gov.tw/ENG/LawClass/LawAll.aspx?pcode=B0010014 ["Law in Supporting Foreign Courts"], requires the use of the diplomatic channel. *See id.* art. 3. Therefore, once this Court issues the letters rogatory, UTL will transmit the letters to the US State Department, which will then forward them, through the diplomatic channel, to the appropriate authorities in Taiwan. *See* State Department Bureau of Consular Affairs, *Preparation of Letters Rogatory, available at*

4

https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html.

Under Taiwanese law, a Taiwanese court will execute letters rogatory that do not conflict with Taiwan's law. *See* Law in Supporting Foreign Courts art. 2. The letters rogatory must declare that the US court will provide reciprocal support to Taiwanese courts in similar cases. *See id.* art. 4. A translation must be provided. *See id.* art. 7. All of these requirements are requirements of standard letters rogatory and are not peculiar to Taiwan. *See Preparation of Letters Rogatory, supra.* The Taiwanese court will take the evidence in accordance with Taiwan's Code of Civil Procedure. *See* Law in Supporting Foreign Courts, art. 6.

C.     **The Court's Authority**

A court has inherent power to issue letters rogatory and letters of request. *See Nat. Gas Pipeline Co. v. Energy Gathering, Inc.,* 2 F.3d 1397, 1408 (5th Cir. 1993). The Court's authority is reflected in 28 U.S.C. § 1781(a), which authorizes the Department of State to receive letters rogatory and letters of request issued by US courts and transmit them to foreign judicial authorities, and § 1781(b), which permits transmission of letters rogatory and letters of request abroad directly, without the involvement of the State Department. It is also reflected in Fed. R. Civ. P. 28(b)(1)(B), which provides that depositions abroad may be taken "under a letter of request, whether or not captioned a 'letter rogatory,'"[1] and Rule 28(b)(2), which provides that the Court may issue a letter of request on a party's application. The issuance of letters rogatory or letters of request is within the Court's discretion. *See United States v. El-Mezain,* 664 F.3d 467, 517 (5th Cir. 2011); *Triump*

---

[1] Rule 28(b)(1)(B), shows that "letters rogatory" and "letter of request" are synonyms. *See also United States v. El-Mezain,* 664 F.3d 467, 516 (5th Cir. 2011) ("… a letter rogatory, also known as a letter of request …"). Although the term "letters rogatory" is traditionally not used in the context of requests under the Convention, there is no difference between the two with respect to the Court's authority to issue them.

5

*Aerostructures LLC v. Comau, Inc.,* 2015 U.S. Dist. LEXIS 125347, at *8 (N.D. Tex. Sept. 18, 2015). The Court should use its discretion to deny issuance of letters that are "overly broad or unlikely to lead to the discovery of relevant evidence," but in general, "there must be 'good reason' to deny [a] request for the issuance of letters rogatory." *Triump, supra* at *8 (citations and internal quotation marks omitted). The burden to show lack of relevance or undue burden is on the party resisting the request. *Id.* at *9.[2]

In *Cywee Grp., Ltd. v. Huawei Device Co.,* 2018 U.S. Dist. LEXIS 218552, at *6 n.1 (E.D. Tex. Jul. 12, 2018), the court suggested that courts faced with a motion to issue a letter of request seeking evidence from a third party abroad should weigh the discretionary factors set out in *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa,* 482 U.S. 522, 544 n.28 (1987). The *Aérospatiale* factors were designed to help courts decide whether to "order foreign discovery in the face of objections by foreign states." *Aérospatiale,* 482 U.S. at 544 n.28. They are relevant in cases where one party wants the U.S. court to compel another party in a foreign country to produce discovery and when the foreign party objects that the exercise of U.S. jurisdiction abroad would offend comity or violate the foreign country's law, and insists that the party seeking discovery proceed instead by a letter rogatory or letter of request. They have little if any relevance to cases such as this, where the party seeking discovery does *not* seek any orders compelling discovery from the U.S. court, but instead simply asks the U.S. court to make a request for assistance to a foreign court. Proceeding in this way cannot offend comity—it embodies

---

[2] Some courts assign the burden to the moving party. *See, e.g., Cywee Grp., Ltd. v. Huawei Device Co.,* 2018 U.S. Dist. LEXIS 218552, at *6 (E.D. Tex. Jul. 12, 2018). The rule of *Triump* is the better rule, since the question here is not whether anyone will be compelled to produce evidence, but whether a foreign court will be requested to compel its national to produce evidence. Nevertheless, since the evidence here is clearly material, nothing turns on the allocation of the burden.

6

comity. The U.S. court makes a request to a foreign court, "which maintains the authority to enforce the letters rogatory or not." *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.,* 841 F. Supp. 2d 769, 782 (S.D.N.Y. 2012).

Nevertheless, because there is some authority suggesting that *Aérospatiale* is relevant, UTL outlines the factors here and discusses them below. The factors are: (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the requests; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Aérospatiale,* 482 U.S. at 544 n. 28.

## IV.  ARGUMENT

### A.  The Evidence Sought is Relevant, Important, and Discoverable

Each of Micron's solid-state storage Accused Devices contains source code that provides important details about how each accused device operates and uses certain storage commands and functions that provides evidence of Micron's infringement of the patents-in-suit. Indeed, the source code contained in each Accused Device is critical to UTL's infringement case. Moreover, a significant percentage of Micron's Accused Devices contain source code made by foreign third-party suppliers SMI, Memblaze, and Phison. *See, e.g.*, Ex. D, Micron's Supplemental Response to UTL's First Set of Interrogatories Nos. 3 and 4. Similarly, like the source code that Micron has already produced for some of its Accused Devices, the source code from the third-party suppliers is also discoverable and would be subject to the same strict protections as those laid out for

7

Micron's source code in the governing Protective Order. Dkt. 40. As such, given the importance to UTL's infringement case, this factor weighs strongly in favor of UTL.

B.  **The Letters Are Specific**

The proposed letters rogatory and letter of request are narrowly tailored and are not in the style of traditional discovery requests, which often can seek documents on a broad, categorical basis. Thus the letters do not seek "all documents concerning source code," or anything at all except the source code used in the Accused Devices. Source code discovery is a well-established technique in computer industry patent infringement cases and can be important to proof of infringement in light of the challenges of reverse engineering the workings of the Accused Device without the code. Nor do the proposed letters contain the kind of "'fishing expedition' methods of obtaining unspecified evidence, which are regarded as unacceptable in … civil law nations." *Cf. Benton Graphics v. Uddeholm Corp.,* 118 F.R.D. 386, 391 (D.N.J. 1987) (rejecting "fishing expedition" objection and rejecting foreign defendant's argument that plaintiff should seek discovery via a letter of request under the Hague Evidence Convention rather than through ordinary U.S. discovery methods). Thus this factor weighs in favor of UTL.

C.  **The Information Originated Outside the United States**

Under *Aérospatiale,* if evidence originates in the United States, that fact weighs against the decision to issue a letter of request or letters rogatory (and in favor of making use of ordinary US discovery methods to obtain the information, even if located abroad). The rationale is to prevent companies or individuals from "evad[ing] discovery in American courts by secreting information offshore." *See In re Activision Blizzard, Inc. Stockholder Litig.,* 86 A.3d 531, 545 (Del. Ch. 2014). Here, the information originated abroad, with the manufacturers who created the code used in the controllers that they provided to Micron. Indeed, as discussed above, the US related entities of the

third-party suppliers do not have access to the requested source code. *See*, *supra*, §II. Thus this factor weighs in favor of issuance of the letters.[3]

**D.      There Are No Alternative Means of Obtaining the Information**

There are no US discovery procedures under which UTL could obtain the evidence it seeks from the Chinese and Taiwanese companies. Because they are not parties, they are not required to respond to discovery requests under Fed. R. Civ. P. 34. Furthermore, UTL has exhausted efforts to obtain the evidence it seeks in the United States. As described in detail above, UTL has subpoenaed the US-related entities of the third-parties for the source code, but the US-related entities do not have the requested information. *See*, *supra*, §II. Likewise, UTL also requested that the Court compel Micron to request the source code from the third parties via contracts it has with those parties, but the Court denied the requests. *Id*. In short, letters rogatory or letters of request are the only means to obtain the evidence. Thus, this factor weighs in favor of issuance of the letters.

**E.      The United States' Interest in Enforcing its Laws is Strong, and There Are No Strong Countervailing Foreign Interests**

The United States has a "powerful interest in enforcing the acts of Congress …" *Nike, Inc. v. Wu,* 349 F. Supp. 3d 310, 339 (S.D.N.Y. 2018). This interest "extends well beyond this nation's generalized interest in fully and fairly adjudicating matters before its courts." *Id.* Indeed, the United States, like every nation, "has a significant national interest in ensuring that its citizens abide by

---

[3] This factor, more than any of the others, shows the inapplicability of the *Aérospatiale* analysis to efforts to obtain evidence from non-parties. The purpose of the factor is to help the courts decide whether to require the use of a letter of request or instead to allow the US party to seek the evidence from a foreign *party* using ordinary US discovery methods. But when the evidence is sought from a foreign *non-party,* letters of request or letters rogatory are the *only* methods available.

its laws." *Id.* at 338. Here, UTL has asserted a federal statutory claim for infringement of US patents.

On the other hand, no sovereign interests of the foreign states are at issue. UTL is not asking this Court to order witnesses abroad to produce discovery. Indeed, it is not asking this Court to order anyone to do anything. It is asking this Court to make a request to several foreign courts. If those courts consider that their own sovereign interests weigh against the letters rogatory, they can simply refuse to execute them. There is nothing particular about the nature of the evidence sought here—source code—that changes the analysis.[4]

Thus this factor, which courts often regard as the most important factor (*see, e.g., In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.,* 2010 U.S. Dist. LEXIS 89275, at *21 (E.D.N.Y. Aug. 27, 2010)), weighs heavily in favor of UTL.

## V. CONCLUSION

UTL seeks important evidence in China and Taiwan that it can obtain no other way. Thus UTL respectfully requests that this Court grant this motion and issue letters of request and letters rogatory to allow UTL to seek the evidence in the relevant foreign jurisdictions.

---

[4] For example, in *Autodesk, Inc. v. ZWCAD Software Co.,* 2015 U.S. Dist. LEXIS 39695 (N.D. Cal. Mar. 27, 2015), the question was whether to allow the plaintiff to require the Chinese defendant to produce source code in response to US discovery requests, or whether instead to require the plaintiff to resort to the Convention. The court held that there were no Chinese sovereignty or security interests at stake because the unrebutted evidence was that the source code was developed by a private company for private business purposes, and it was highly unlikely that it contained any state secrets. *See id.* at *12. In any event, the remedy, in case the court *had* found a potential infringement of China's security interests, would have been to require the plaintiff to proceed by way of a letter request under the Convention, so that the Chinese authorities could make their own determination—precisely what UTL is seeking to do here.

Dated: October 19, 2021                                    Respectfully submitted,

*/s/ Robert A. Delafield II*
**Edward R. Nelson III**
State Bar No. 00797142
**Robert A. Delafield II**
State Bar No. 24065137
**NELSON BUMGARDNER CONROY PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111 (telephone)
ed@nelbum.com
bobby@nelbum.com

**Jonathan H. Rastegar**
State Bar No. 24064043
**NELSON BUMGARDNER CONROY PC**
2727 N. Harwood Street, Suite 250
Dallas, Texas 75201
817.377.9111 (telephone)
jon@nelbum.com

**Timothy E. Grochocinski (*Pro Hac Vice*)**
Illinois State Bar No. 6295055
**NELSON BUMGARDNER CONROY PC**
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
708.675.1974 (telephone)
708.675.1786 (facsimile)
tim@nelbum.com

**COUNSEL FOR PLAINTIFF**
**UNIFICATION TECHNOLOGIES LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon all counsel of record on October 19, 2021 via the Court's CM/ECF system.

<em>/s/ Robert A. Delafield II</em><br>
Robert A. Delafield II