# Exhibit C

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **UNIFICATION TECHNOLOGIES LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS LLC,**<br><br>**Defendants.** | **Civil Action No. 6:20-CV-500-ADA** |

## DEFENDANTS' JUNE 8, 2021 SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS [NOS. 1-42]

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Micron Technology, Inc. ("MTI"), Micron Semiconductor Products, Inc. ("MSP"), and Micron Technology Texas LLC ("Micron Texas") (collectively, "Micron" or "Defendants") provide these objections and responses as follows to Plaintiff Unification LLC's ("UTL" or "Plaintiff") First Set of Interrogatories ("Interrogatories").

## PRELIMINARY STATEMENT

Defendants reserve the right to raise all questions of competency, relevance, materiality, privilege, authenticity, or admissibility as to its responses to the Requests, and/or as to information provided in response to the Requests, for any purpose which may arise in this action or any other action. Defendants expressly reserve the right to object to the use of information provided in response to the Requests, in this action or any other action.

By responding and/or objecting to the Requests, Defendants do not concede that the information provided is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Defendants expressly reserve the right to object to discovery into the subject matter of the Requests.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1.    Defendants' responses to these Requests do not constitute acquiescence or agreement to any definition or instruction proposed by Plaintiff.  To the extent Defendants respond to a specific Request, Defendants do not admit to Plaintiff's characterization of any documents, facts, theories, or conclusions.

2.    Defendants further object to Plaintiff's instructions to the extent that they (1) purport to change the common meaning of the English language with regard to any word or phrase, (2) purport to alter the scope of discovery under the Federal Rules of Civil Procedure, and/or (3) define terms differently than such terms are defined under the Federal Rules of Civil Procedure and/or the common law.

3.    Defendants object to the definition of "Defendants" and "Micron" to the extent that definition: (a) includes persons not controlled by Defendants; (b) includes persons not relevant to the subject matter of this litigation; (c) improperly purports to seek information from distinct corporate entities that are not parties to the case; (d) seeks information, documents, or things that are not within Defendants' possession, custody, or control, and/or (e) includes attorneys and related information, documents, or things protected by the attorney-client privilege, the common interest privilege (also known as the joint defense privilege), and the work product doctrine.  As used in these responses, "Defendant" or "Micron" shall mean MTI, MSP, and Micron Texas.

4.      Defendants object to the definition of "Document" or "Documents" to the extent that the definition: (a) alters the scope of a Request beyond the proportional needs of the case; (b) requires production of electronically stored or archived information that is not reasonably accessible because of undue burden or cost; and/or (c) expands the scope of a Request to exceed the scope or limits of any protective order or Local Rule governing this litigation.

5.      Defendants object to the definition of "Communication" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent that it requires production of things beyond that required by the Federal Rules of Civil Procedure or any orders regarding discovery appliable to this case.  Defendants further object to Plaintiff's definition of the term "Communication" to the extent that definition: (a) requires written production of any oral or non-verbal communication that is not otherwise documented; (b) requires production of electronically stored or achieved information that is not reasonably accessible because of undue burden or cost; and/or (c) expands the scope of a Request to exceed limits of any protective order or the Local Rule governing this litigation.

6.      Defendants object to the definition of "Operating Expenses" on the grounds that it is vague, ambiguous, and overly broad.

7.      Defendants object to the definition of "Operating Income" as vague, ambiguous, and overly broad to the extent it includes "Operating Expenses" as part of its definition.

8.      Defendants object to the definition of "Projection" as vague, ambiguous, and overly broad to the extent it includes "Operating Expenses" as part of its definition.

9.      To the extent that Defendants respond to a specific Request, Defendants do not admit to Plaintiff's characterization of any documents, facts, theories, or conclusion.

10.    Discovery in this case and Defendants' investigation of relevant events are ongoing and Defendants reserve the right to supplement, modify, and/or amend its responses as discovery progresses.

11.    These responses are made by Defendants subject to and without waiving Defendants' right to introduce, use, or refer to information that Defendants presently have, but that Defendants have not yet had sufficient time to analyze and evaluate, as well as Defendants' right to amend or supplement its responses in the event that any information previously available to Defendants is unintentionally omitted from this response.

## OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

For each Product that is either an Accused Product or identified in response to Interrogatory No. 2, all Documents sufficient to Identify each Product, including for each Product (1) any name(s) used to market the Product, (2) any name(s) and/or identification(s) used to identify the Product internally, and (3) any name(s) and/or identification(s) used to identify the Product to testing or regulatory organizations.

### RESPONSE:

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States.  For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding

4

non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks identification of "(1) any name(s) used to market the Product, (2) any name(s) and/or identification(s) used to identify the Product internally, and (3) any name(s) and/or identification(s) used to identify the Product to testing or regulatory organizations." Defendants object to this Request as vague and ambiguous in its use of the term "Identify," which Plaintiff has not defined. Defendants will respond to this Request pursuant to the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, and to the extent Microsoft understands this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

For each Product that is either an Accused Product or identified in response to Interrogatory No. 2, all Documents sufficient to Identify the releases and versions of each Relevant SATA Specification, Relevant NVMe Specification, and/or Relevant SAS Specification supported by the Product.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related

to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants object to this Request as vague and ambiguous in its use of the term "Identify," which Plaintiff has not defined. Defendants will respond to this Request pursuant to the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, and to the extent Microsoft understands this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 3:

All Documents Related to Your first awareness of the Asserted Patents, or any patent or application (foreign or domestic) Related to the Asserted Patents.

## RESPONSE:

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "Your" as overbroad. As used in these responses, "Your" shall refer to MTI, MSP, and Micron Texas. Defendants object that this Request is burdensome and overbroad because it seeks "any and all documents" and because it is not limited in scope by time.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents sufficient to show Defendants' first awareness of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 4:**

Any Documents or Communications Concerning Your claim that any Accused Product or product identified in response to Interrogatory No. 2 does not infringe any asserted claim of any of the Asserted Patents.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "Your" as overbroad. As used in these responses, "Your" shall refer to MTI, MSP, and Micron Texas Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest

privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 5:

Any Documents or Communications Concerning Your claim that any claim of any Asserted Patent is invalid.

## RESPONSE:

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "Your" as overbroad. As used in these responses, "Your" shall refer to MTI, MSP, and Micron Texas. Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications Relating to the Asserted Patents.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object that this Request is burdensome and overbroad because it seeks "all documents and communications" and because it is not limited in scope by time. Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Any opinion of counsel obtained by You Concerning the Asserted Patents, including all written opinions Relating to infringement, validity and/or unenforceability.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "You" as overbroad. As used in these responses, "You" shall refer to MTI, MSP, and Micron Texas. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case. Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege,

the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

## REQUEST FOR PRODUCTION NO. 8:

Documents and Communications Concerning any of Your general corporate policy(ies) and practice(s) as to searching for existing Patents or Patent Applications before releasing a new Product, Including the Dates and substance of any changes to Your general corporate policy(ies) and practice(s) .

## RESPONSE:

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "Your" as overbroad. As used in these responses, "Your" shall refer to MTI, MSP, and Micron Texas. Defendants object that this Request is burdensome and overbroad because it is not limited in scope by time. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case. Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

## JUNE 8, 2021 SUPPLEMENTAL RESPONSE:

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: There are no non-privileged responsive documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 9:

Documents Relating to any internal or external investigations, studies, focus groups,

research (Including without limitation marketing research), or Projections Concerning the economic value, benefits, importance, or impact of each Product that is either an Accused Product or identified in response to Interrogatory No. 2.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Interrogatory, Defendants interpret this Interrogatory as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants object that this Request is burdensome and overbroad because it is not limited in scope by time.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced or are in the public domain, Defendants will produce non-privileged documents, dated on or after June 5, 2014, sufficient to show the economic value, benefits, importance, or impact of non-licensed devices that Defendants sell to consumers in the United States.

**JUNE 8, 2021 SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged responsive documents that relate to the accused TRIM, UNMAP, and/or DEALLOCATE commands in the Accused Products (if any), dated on or after June 5, 2014.

**REQUEST FOR PRODUCTION NO. 10:**

Documents Relating to the advertising or marketing of each Product that is either an Accused Product or identified in response to Interrogatory No. 2, such Documents Including without limitation all Documents comprising or Relating to any:

a)    advertising plans;
b)    marketing plans;
c)    marketing presentations;
d)    advertisements;
e)    promotional materials;
f)    Product brochures;
g)    use guides;
h)    care guides;
i)    bulletins;
j)    catalogs;
k)    Product lists;
l)    website content;
m)    Product assembly materials; and
n)    videos of any of the foregoing.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related

to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States.  For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States.  Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time.  Defendants also object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks identification of "a) advertising plans; b) marketing plans; c) marketing presentations; d) advertisements; e) promotional materials; f) Product brochures; g) use guides; h) care guides; i) bulletins; j) catalogs; k) Product lists; l) website content; m) Product assembly materials; and o) videos of any of the foregoing."  Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged representative example documents, dated on or after June 5, 2014, sufficient to show the advertising or marketing of non-licensed devices that Defendants sell to consumers in the United States.

**JUNE 8, 2021 SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged responsive documents that relate to the accused TRIM, UNMAP, and/or DEALLOCATE commands in the Accused Products (if any), dated on or after June 5, 2014.

**REQUEST FOR PRODUCTION NO. 11:**

Documents Relating to any actual or projected sales, licensing, or market share of each Product that is either an Accused Product or identified in response to Interrogatory No. 2, or any profits or costs that have been or will be attributable to any such Accused Product, on a monthly, quarterly, and yearly basis, and any such future Projections, Including without limitation all Documents Relating to any actual or projected:

a)  sales strategies;
b)  market studies;
c)  market share reports;
d)  competitive analysis;
e)  quantity of Accused Products sold;
f)  Sales Revenue (or any similar financial measure used in Your normal course of business, e.g., EBITA);
g)  Sales Costs (Including without limitation research and development costs attributable to any Accused Instrumentality and any cost per sale of any such Product, e.g., sales commissions and direct sales costs);
h)  Gross Profit;
i)  Operating Expenses (Including the methodology used to allocate such costs, if any such costs were allocated); and
j)  Operating Income.

**RESPONSE:**

      Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "Your" as overbroad. As used in these responses, "Your" shall refer to MTI, MSP, and Micron Texas Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants also object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks identification of "a) sales strategies; b) market studies; c) market share reports; d) competitive analysis; e) quantity of Accused Products sold; f) Sales Revenue (or any similar financial measure used in Your normal course of business, e.g., EBITA); g) Sales Costs (Including without limitation research and development costs attributable to any Accused Instrumentality and any cost per sale of any such Product, e.g., sales commissions and direct sales costs); h) Gross Profit; i) Operating Expenses (Including the methodology used to allocate such costs, if any such costs were allocated); and j) Operating Income." Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the

joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents, dated on or after June 5, 2014, sufficient to show the actual or projected sales, licensing, or market share of non-licensed devices that Defendants sell to consumers in the United States.

## REQUEST FOR PRODUCTION NO. 12:

Documents sufficient to Identify all known wholesale purchasers, whether direct or indirect, of each Product that is either an Accused Product or identified in response to Interrogatory No. 2.

## RESPONSE:

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants object to this Request as vague and ambiguous in its use of the term "Identify," which Plaintiff has not

defined. Defendants will respond to this Request pursuant to the Federal Rules of Civil Procedure. Defendants further object to this Request to the extent it seeks information that is confidential to a third party, and will only disclose, if at all, after obtaining consent of the third party, if applicable.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 13:

All Documents and Communications Concerning the packaging for each Product that is either an Accused Product or identified in response to Interrogatory No. 2 that You make, use, sell, offer to sell, or import into the United States.

## RESPONSE:

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "You" as overbroad. As used in these responses, "You" shall refer to MTI, MSP, and Micron Texas. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import

into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged representative example documents, dated on or after June 5, 2014, sufficient to show the packaging of non-licensed devices that Defendants sell to consumers in the United States.

**JUNE 8, 2021 SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged responsive documents that relate to the accused TRIM, UNMAP, and/or DEALLOCATE commands in the Accused Products (if any), dated on or after June 5, 2014.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications Concerning the shipping or distribution of each Product that is either an Accused Product or identified in response to Interrogatory No. 2 that You made, used, sold, offered to sell, or imported into the United States, Including the Location from which the Accused Product or component was shipped or distributed and the Dates on which each such Accused Product or component has been or will be shipped or distributed.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "You" as overbroad. As used in these responses, "You" shall refer to MTI, MSP, and Micron Texas. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged representative example documents, dated on or after June 5, 2014, sufficient to show the shipping or distribution of non-licensed devices that Defendants sell to consumers in the United States.

**REQUEST FOR PRODUCTION NO. 15:**

Documents Relating to or embodying Product support for each Product that is either an Accused Product or identified in response to Interrogatory No. 2, Including without limitation any:

a)   manuals;
b)   Product support documentation;
c)   user guides;
d)   forum topics;
e)   Q&A or FAQ website sections;
f)   telephonic support documentation; and
g)   Documents Relating to or embodying Communications from direct or indirect purchasers of any Accused Products, Including without limitation any complaints, reviews, ratings, suggestions, requests, and/or questions.

**<u>RESPONSE:</u>**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States.  For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States.   Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time.  Defendants will limit its search to documents, dated on or after June 5, 2014, sufficient to show the support of non-licensed devices that Defendants sell to consumers in the United States.  Defendants also object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks identification of "a) manuals; b) Product support documentation; c) user guides; d) forum topics; e) Q&A or FAS website sections; f) telephonic support documentation; and g) Documents Relating to or embodying Communications from direct or indirect purchasers of any Accused

Products, Including without limitation any complaints, reviews, ratings, suggestions, requests, and/or questions." Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Based on the foregoing objections Defendants will not produce documents to this Request without conferring with Plaintiff to discuss the proper scope of the requested documents.

## JUNE 8, 2021 SUPPLEMENTAL RESPONSE:

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged responsive manuals, product support documentation, and user guides documents, dated on or after June 5, 2014.

## REQUEST FOR PRODUCTION NO. 16:

Documents and Communications sufficient to Identify the manufacturer(s), supplier(s), and/or distributor(s) of each Product that is either an Accused Product or identified in response to Interrogatory No. 2 (or component thereof) You have made, used, sold, offered for sale, or imported into the United States.

## RESPONSE:

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "You" as overbroad. As used in these responses, "You" shall refer to MTI, MSP, and Micron Texas. Defendants object to this Request as overly

broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants further object to this Request to the extent it seeks information that is confidential to a third party, and will only disclose, if at all, after obtaining consent of the third party, if applicable. Defendants object to this Request as vague and ambiguous in its use of the term "Identify," which Plaintiff has not defined. Defendants will respond to this Request pursuant to the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents, dated on or after June 5, 2014, sufficient to show the manufacturer(s), supplier(s), and/or distributor of non-licensed devices that Defendants sell to consumers in the United States.

**REQUEST FOR PRODUCTION NO. 17:**

Documents Concerning any relationship between You and any manufacturer, distributor, or supplier of each Product that is either an Accused Product or identified in

response to Interrogatory No. 2.

## RESPONSE:

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "You" as overbroad. As used in these responses, "You" shall refer to MTI, MSP, and Micron Texas. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants will limit its search to documents, dated on or after June 5, 2014, sufficient to show the relationship between Defendants and any manufacturer, distributor, or supplier non-licensed devices that Defendants sell to consumers in the United States. Defendants further object to this Request to the extent it seeks information that is confidential to a third party, and will only disclose, if at all, after obtaining consent of the third party, if applicable. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Based on the foregoing objections Defendants will not produce documents to this Request without conferring with Plaintiff to discuss the proper scope of the requested documents.

## JUNE 8, 2021 SUPPLEMENTAL RESPONSE:

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. In particular, Defendants asked Plaintiff to explain what it meant by "any relationship." Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged responsive supplier agreements, dated on or after June 5, 2014, upon following notice and/or obtaining approvals under the respective supplier agreement. Defendants have contacted each of the suppliers it has identified based on its investigation to date for confirmation.

## REQUEST FOR PRODUCTION NO. 18:

Documents Concerning any contracts, purchase agreements, manufacture and supply agreements concerning each Product that is either an Accused Product or identified in response to Interrogatory No. 2 between You and any manufacturer, distributor, or supplier of each Product that is either an Accused Product or identified in response to Interrogatory No. 2.

## RESPONSE:

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "You" as overbroad. As used in these responses, "You" shall refer to MTI, MSP, and Micron Texas. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the

three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants will limit its search to documents, dated on or after June 5, 2014, sufficient to show the contracts, purchase agreements, manufacture and supply agreements between Defendants and any manufacturer, distributor, or supplier non-licensed devices that Defendants sell to consumers in the United States. Defendants further object to this Request to the extent it seeks information that is confidential to a third party, and will only disclose, if at all, after obtaining consent of the third party, if applicable. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Based on the foregoing objections Defendants will not produce documents to this Request without conferring with Plaintiff to discuss the proper scope of the requested documents.

**JUNE 8, 2021 SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a

reasonable search, and have not already been produced, Defendants will produce non-privileged responsive supplier agreements, dated on or after June 5, 2014, upon following notice and/or obtaining approvals under the respective supplier agreement. Defendants have contacted each of the suppliers it has identified based on its investigation to date for confirmation.

## REQUEST FOR PRODUCTION NO. 19:

Documents or Communications Concerning any indemnity agreements or any other agreement that may make any other Person responsible for a possible judgment against You in this Action or litigation costs or to reimburse You for any payment made to satisfy any such judgment or litigation costs.

## RESPONSE:

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "You" as overbroad. As used in these responses, "You" shall refer to MTI, MSP, and Micron Texas. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants will limit its search to documents, dated on or after June 5, 2014, sufficient to show indemnity

agreements regarding non-licensed devices that Defendants sell to consumers in the United States. Defendants further object to this Request to the extent it seeks information that is confidential to a third party, and will only disclose, if at all, after obtaining consent of the third party, if applicable. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Based on the foregoing objections Defendants will not produce documents to this Request without conferring with Plaintiff to discuss the proper scope of the requested documents.

**JUNE 8, 2021 SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged responsive indemnity agreements, dated on or after June 5, 2014.

**REQUEST FOR PRODUCTION NO. 20:**

Documents and Communications Concerning Your reasoning and rationale for the decision to make, use, sell, offer to sell, or import into the United States each Product that is either an Accused Product or identified in response to Interrogatory No. 2, Including market studies, comparisons to other systems or Products, market analysis, costs, benefits, and potential profits.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "Your" as overbroad. As used in these responses, "Your" shall refer to MTI, MSP, and Micron Texas Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants also object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks identification of "market studies, comparisons to other systems or Products, market analysis, costs, benefits, and potential profits." Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have

not already been produced, Defendants will produce non-privileged documents, dated on or after June 5, 2014, sufficient to show the reasoning and rationale for the decision to make, use, sell, offer to sell, or import non-licensed devices that Defendants sell to consumers in the United States.

## JUNE 8, 2021 SUPPLEMENTAL RESPONSE:

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged responsive documents that relate to the accused TRIM, UNMAP, and/or DEALLOCATE commands in the Accused Products (if any), dated on or after June 5, 2014.

## REQUEST FOR PRODUCTION NO. 21:

All License Agreements or Unconsummated License Negotiations that include a license to practice a Patent (or a covenant-not-to sue for a Patent) that Relates to each Product that is either an Accused Product or identified in response to Interrogatory No. 2 (including Patents which allegedly or arguably read on a Product that is compliant with any Relevant SATA Specification, Relevant NVMe Specification and/or Relevant SAS Specification), Including without limitation:

    a.    all executed License Agreements; and
    b.    any Documents or Communications (Including without limitation internal and
          external correspondence and presentations) Relating to such License
          Agreements or Unconsummated License Negotiations.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants will limit its search to documents, dated on or after June 5, 2014, sufficient to show license agreements or license negotiations that include a license to practice a Patent regarding non-licensed devices that Defendants sell to consumers in the United States. Defendants will respond to this Request pursuant to the Federal Rules of Civil Procedure. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Based on the foregoing objections Defendants will not produce documents to this Request without conferring with Plaintiff to discuss the proper scope of the requested documents.

**JUNE 8, 2021 SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged responsive licenses. Defendants' production of licenses is not an admission of comparability to the issues in the present case. Instead, Defendants intend to rely upon expert analysis to determine license comparability.

**REQUEST FOR PRODUCTION NO. 22:**

All License Agreements that You contend are or could be comparable License Agreements under *Georgia-Pacific* Factor 2.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "You" as overbroad. As used in these responses, "You" shall refer to MTI, MSP, and Micron Texas. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have

not already been produced, Defendants will produce non-privileged documents responsive to this Request.

**JUNE 8, 2021 SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged responsive licenses. Defendants' production of licenses is not an admission of comparability to the issues in the present case. Instead, Defendants intend to rely upon expert analysis to determine license comparability.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show Your paper and electronic Document retention and destruction policies, by year since June 2014, Including without limitation the preservation of Documents and Communications of Your employees and contractors who leave the company.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "Your" as overbroad. As used in these responses, "Your" shall refer to MTI, MSP, and Micron Texas. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

**JUNE 8, 2021 SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: There are no non-privileged responsive documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Relating to an analysis of whether a Patent contained in a License Agreement Relates to Your Accused Products or allegedly or arguably reads on each Product that is either an Accused Product or identified in response to Interrogatory No. 2.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "Your" as overbroad. As used in these responses, "Your" shall refer to MTI, MSP, and Micron Texas. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest

privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

**REQUEST FOR PRODUCTION NO. 25:**

Any other Documents in Your possession, custody, or control that are Relevant to the Claims or Defenses of Any Party in this Action.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "Your" as overbroad. As used in these responses, "Your" shall refer to MTI, MSP, and Micron Texas. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Source code for each Product that is either an Accused Product or identified in response to Interrogatory No. 2, Including all source code directly or indirectly Related to the solid-state controller or solid-state processor, operating system, and application features or functionality identified in UTL's Infringement Contentions.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants will limit its search to source code, dated on or after June 5, 2014, regarding non-licensed devices that Defendants sell to consumers in the United States. Defendants further object to this Request to the extent it seeks information that is confidential to a third party, and will only disclose, if at all, after obtaining consent of the third party, if applicable.

Based on the foregoing objections Defendants will not produce documents to this Request without conferring with Plaintiff to discuss the proper scope of the requested documents.

**JUNE 8, 2021 SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a

reasonable search, and have not already been produced, Defendants will produce non-privileged responsive source code that relate to the accused TRIM, UNMAP, and/or DEALLOCATE commands in the Accused Products (if any), dated on or after June 5, 2014.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents describing, illustrating, and/or summarizing source code responsive to Request for Production No. 26.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants further object to this Request to the extent it seeks information that is confidential to a third party, and will only disclose, if at all, after obtaining consent of the third party, if applicable. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule

of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents, dated on or after June 5, 2014, describing, illustrating, and/or summarizing source code regarding non-licensed devices that Defendants sell to consumers in the United States.

**REQUEST FOR PRODUCTION NO. 28:**

For each Product that is either an Accused Product or identified in response to Interrogatory No. 2, schematics, block diagrams, and device specification documents sufficient to Identify and fully Describe the hardware (e.g., processors, controllers, memory, etc.) and software associated with any feature, function, activity, or process identified in UTL's Infringement Contentions.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make,

use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants will limit its search to schematics, block diagrams, and device specification documents, dated on or after June 5, 2014, sufficient to show hardware and software associated with any feature, function, activity, or process identified in UTL's Infringement Contentions regarding non-licensed devices that Defendants sell to consumers in the United States.

Based on the foregoing objections Defendants will not produce documents to this Request without conferring with Plaintiff to discuss the proper scope of the requested documents.

## JUNE 8, 2021 SUPPLEMENTAL RESPONSE:

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged responsive schematics, block diagrams, and device specification documents that relate to the accused TRIM, UNMAP, and/or DEALLOCATE commands in the Accused Products (if any), dated on or after June 5, 2014.

## REQUEST FOR PRODUCTION NO. 29:

For each Product that is either an Accused Product or identified in response to Interrogatory No. 2, Documents sufficient to Identify all third parties that provide You with hardware or software associated with any feature, function, activity, or process identified in UTL's Infringement Contentions.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "You" as overbroad. As used in these responses, "You" shall refer to MTI, MSP, and Micron Texas Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants will limit its search to documents, dated on or after June 5, 2014, sufficient to show third parties that provide Defendants with hardware or software associated with any feature, function, activity, or process identified in UTL's Infringement Contentions for non-licensed devices that Defendants sell to consumers in the United States. Defendants further object to this Request to the extent it seeks information that is confidential to a third party, and will only disclose, if at all, after obtaining consent of the third party, if applicable.

Based on the foregoing objections Defendants will not produce documents to this Request without conferring with Plaintiff to discuss the proper scope of the requested documents.

**JUNE 8, 2021 SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged responsive supplier agreements, dated on or after June 5, 2014, upon following notice and/or obtaining approvals under the respective supplier agreement. Defendants have contacted each of the suppliers it has identified based on its investigation to date for confirmation.

**REQUEST FOR PRODUCTION NO. 30:**

For each Product that is either an Accused Product or identified in response to Interrogatory No. 2, Documents sufficient to Identify the cost(s) associated with each hardware and software component associated with any feature, function, activity, or process identified in UTL's Infringement Contentions.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also

object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants will limit its search to documents, dated on or after June 5, 2014, sufficient to show costs associated with the hardware or software associated with any feature, function, activity, or process identified in UTL's Infringement Contentions for non-licensed devices that Defendants sell to consumers in the United States. Defendants further object to this Request to the extent it seeks information that is confidential to a third party, and will only disclose, if at all, after obtaining consent of the third party, if applicable.

Based on the foregoing objections Defendants will not produce documents to this Request without conferring with Plaintiff to discuss the proper scope of the requested documents.

## JUNE 8, 2021 SUPPLEMENTAL RESPONSE:

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged responsive documents sufficient to show costs associated with the Accused Products, dated on or after June 5, 2014.

## REQUEST FOR PRODUCTION NO. 31:

For each Product that is either an Accused Product or identified in response to Interrogatory No. 2, all request for proposal Documents that Relate to, discuss, or mention any feature, function, activity, or process identified in UTL's Infringement Contentions, together with all associated responses and/or proposals.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants will limit its search to documents, dated on or after June 5, 2014, sufficient to show discussions of any feature, function, activity, or process identified in UTL's Infringement Contentions for non-licensed devices that Defendants sell to consumers in the United States.

Based on the foregoing objections Defendants will not produce documents to this Request without conferring with Plaintiff to discuss the proper scope of the requested documents.

**JUNE 8, 2021 SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged

responsive request for proposal documents and/or responses that relate to the accused TRIM, UNMAP, and/or DEALLOCATE commands in the Accused Products (if any), dated on or after June 5, 2014.

## REQUEST FOR PRODUCTION NO. 32:

All Documents (including user manuals, online tutorials, etc.) that provide instructions regarding use of each Product that is either an Accused Product or identified in response to Interrogatory No. 2.

## RESPONSE:

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents, dated on or after

June 5, 2014, sufficient that provide instructions regarding the use for non-licensed devices that Defendants sell to consumers in the United States.

**REQUEST FOR PRODUCTION NO. 33:**

For each Product that is either an Accused Product or identified in response to Interrogatory No. 2, Documents sufficient to Identify and fully Describe any testing, evaluation, or analysis of any feature, function, activity, or process related to the TRIM COMMANDS performed by You or a third party.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "You" as overbroad. As used in these responses, "You" shall refer to MTI, MSP, and Micron Texas. Defendants object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it asks Defendants to provide information related to devices that: (1) do not implement one of the three accused commands (TRIM, DEALLOCATE, or UNMAP); (2) are exclusively sold to third parties which are covered by a license; or (3) are not made, used, sold, offered for sale or imported in or into the United States. For the purposes of responding to this Request, Defendants interpret this Request as seeking information regarding non-licensed devices implementing one of the three accused commands that Defendants make, use, sell, or offer for sale in the United States or import into the United States. Defendants also object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants further object to this Request to the extent it seeks information that is confidential to a third party, and will only disclose, if at all, after obtaining consent of the third party, if applicable.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents, dated on or after June 5, 2014, sufficient to show testing, evaluation, or analysis of any feature, function, activity, or process related to TRIM commands for non-licensed devices that Defendants sell to consumers in the United States.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents that mention or Relate to UTL or UTL related entities.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents, dated on or after June 5, 2014, that mention or relate to UTL or UTL related entities regarding the allegations of this lawsuit.

## REQUEST FOR PRODUCTION NO. 35:

All Documents that mention or Relate to any of the Asserted Patents or any patent or application (foreign or domestic) Related to an Asserted Patent in this lawsuit.

## RESPONSE:

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents, dated on or after June 5, 2014, that mention or relate to any of the Asserted Patents or any patent or patent application regarding the allegations of this lawsuit.

## REQUEST FOR PRODUCTION NO. 36:

All Documents that mention or relate to any *inter partes* review petition or proceeding for the Asserted Patents.

## RESPONSE:

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in scope by time. Defendants also object to this Request

to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents, dated on or after June 5, 2014, that relate to *inter partes* review petition or proceeding for the Asserted Patents.

## REQUEST FOR PRODUCTION NO. 37:

Documents sufficient to Identify all individuals employed by You who were, or are, involved in designing, developing, testing, using, or implementing any feature, function, activity, or process mentioned in UTL's Infringement Contentions.

## RESPONSE:

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "You" as overbroad. As used in these responses, "You" shall refer to MTI, MSP, and Micron Texas.

Based on the foregoing objections Defendants will not produce documents to this Request without conferring with Plaintiff to discuss the proper scope of the requested documents.

## JUNE 8, 2021 SUPPLEMENTAL RESPONSE:

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a

reasonable search, and have not already been produced, Defendants will produce non-privileged responsive documents sufficient to identify Micron employees involved in designing and developing the accused TRIM, UNMAP, and/or DEALLOCATE commands in the Accused Products (if any), dated on or after June 5, 2014.

**REQUEST FOR PRODUCTION NO. 38:**

Documents sufficient to Identify all third parties that assisted You in designing, developing, testing, using, or implementing any feature, function, activity, or process mentioned in UTL's Infringement Contentions.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "You" as overbroad. As used in these responses, "You" shall refer to MTI, MSP, and Micron Texas.

Based on the foregoing objections Defendants will not produce documents to this Request without conferring with Plaintiff to discuss the proper scope of the requested documents.

**JUNE 8, 2021 SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged responsive supplier agreements, dated on or after June 5, 2014, upon following notice and/or obtaining approvals under the respective supplier agreement. Defendants have contacted each of the suppliers it has identified based on its investigation to date for confirmation.

**REQUEST FOR PRODUCTION NO. 39:**

Documents provided to or received from any third party Related to any feature, function, activity, or process mentioned in UTL's Infringement Contentions.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to this Request to the extent it seeks information that is confidential to a third party, and will only disclose, if at all, after obtaining consent of the third party, if applicable.

Based on the foregoing objections Defendants will not produce documents to this Request without conferring with Plaintiff to discuss the proper scope of the requested documents.

**JUNE 8, 2021 SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: The parties met and conferred regarding an appropriate scope for responsive documents. Based on that discussion, and to the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged responsive documents that relate to the accused TRIM, UNMAP, and/or DEALLOCATE commands in the Accused Products (if any), dated on or after June 5, 2014, dated on or after June 5, 2014.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Things relied upon or referred to by You in responding to any discovery, Including responding to any interrogatories, in the Present Lawsuit.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "You" as overbroad. As used in these responses,

"You" shall refer to MTI, MSP, and Micron Texas. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

Your document retention policy.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "Your" as overbroad. As used in these responses, "Your" shall refer to MTI, MSP, and Micron Texas. Defendants further object to the object as vague in that it appears redundant of Request for Production No. 23 with no discernable differences. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

**JUNE 8, 2021 SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: There are no non-privileged responsive documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and things that You contend are relevant prior art to any of the Asserted Patents.

**RESPONSE:**

Defendants incorporate by reference their Objections to the Definitions and Instructions. Defendants object to Plaintiff's definition of "You" as overbroad. As used in these responses, "You" shall refer to MTI, MSP, and Micron Texas. Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege (also known as the joint defense privilege), Federal Rule of Civil Procedure 26(b), statutory and constitutional privacy rights, and other applicable doctrines or privileges.

Subject to and without waiving the foregoing objections, and to the extent Defendants understand this Request, Defendants respond as follows: To the extent such documents exist, are in Defendants' possession, custody, or control, can be located after a reasonable search, and have not already been produced, Defendants will produce non-privileged documents responsive to this Request.

Dated: June 8, 2021

Respectfully submitted,

By:  *Natalie L. Arbaugh*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX  75201
Telephone:  (214) 453-6500
Facsimile:   (214) 453-6400

Katherine Vidal
*Pro Hac Vice*
State Bar No. 194971
KVidal@winston.com
Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

Vivek V. Krishnan
*Pro Hac Vice*
VKrishnan@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR
PRODUCTS, INC., MICRON
TECHNOLOGY TEXAS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via email on all counsel of record on June 8, 2021.

/s/*Natalie L. Arbaugh*
Natalie L. Arbaugh