# Exhibit G

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| UNIFICATION TECHNOLOGIES LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.;<br>MICRON SEMICONDUCTOR<br>PRODUCTS, INC.; AND MICRON<br>TECHNOLOGY TEXAS LLC,<br><br>*Defendants*. | Civil Action No. 6:20-cv-500-ADA |

## NOTICE OF DEPOSITION OF SILICON MOTION, INC. AND SILICON MOTION TECHNOLOGY CORP.

TO:   Silicon Motion, Inc. and Silicon Motion Technology Corp., 690 N. McCarthy Blvd., Suite 200, Milpitas, CA 95035

Please take notice that, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, counsel for Plaintiff Unification Technologies LLC ("UTL") will take the deposition of the designated representative(s) of Silicon Motion, Inc. and Silicon Motion Technology Corp. (collectively "Silicon Motion") best able to testify as to the "Topics for Deposition" set forth in Exhibit A.  Silicon Motion has a duty to designate one or more officers, directors, managing agents, or other persons with sufficient knowledge to testify fully regarding the topics listed in Exhibit A. The deposition will be taken at Lexitas Legal, c/o Talty Court Reporters, 2131 The Alameda D, San Jose, CA 95126, on September 2, 2021 at 9:30 a.m.  The deposition will be taken for the purpose of discovery, to perpetuate the testimony of the witness(es) for use at trial, and for all other purposes permitted under the Federal Rules of Civil Procedure.  The deposition will be transcribed

by stenographic means and by videotape. The deposition will continue from day to day until completed, excepting Saturdays, Sundays, and holidays, or as agreed to by the parties.

Date: August 19, 2021

*/s/ Robert A. Delafield II*
**EDWARD NELSON III**
STATE BAR NO. 00797142
**ROBERT A. DELAFIELD II**
STATE BAR NO. 24065137
**JONATHAN H. RASTEGAR**
STATE BAR NO. 24064043
**NELSON BUMGARDNER ALBRITTON PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111 (telephone)
ed@nbafirm.com
bobby@nbafirm.com
jon@nbafirm.com

**TIMOTHY E. GROCHOCINSKI (*PRO HAC VICE*)**
ILLINOIS STATE BAR NO. 6295055
**NELSON BUMGARDNER ALBRITTON PC**
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
708.675.1975 (telephone)
708.675.1786 (facsimile)
tim@nbafirm.com

**COUNSEL FOR PLAINTIFF UNIFICATION TECHNOLOGIES LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via email on all counsel of record on August 19, 2021.

*/s/ Robert A. Delafield II*
Robert A. Delafield II

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| UNIFICATION TECHNOLOGIES LLC | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 6:20-cv-500-ADA |
| MICRON TECHNOLOGY, INC., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Silicon Motion, Inc. and Silicon Motion Technology Corp.
690 N. McCarthy Blvd., Suite 200, Milpitas, CA 95035

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit A

| Place: Lexitas Legal, c/o Talty Court Reporters<br>2131 The Alameda D<br>San Jose, CA 95126 | Date and Time:<br>09/02/2021 9:30 am |
|---|---|

The deposition will be recorded by this method: Video and stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/19/2021

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Unification Technologies LLC , who issues or requests this subpoena, are:

Robert A. Delafield II, Nelson Bumgardner Albritton P.C., 3131 W. 7th Street, Suite 300, Fort Worth, TX 76107, bobby@nbafirm.com, 817-377-3486

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 6:20-cv-500-ADA

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

# EXHIBIT A

Silicon Motion, Inc. and Silicon Motion Technology Corp. (collectively "Silicon Motion") is required to provide a witness for deposition that can testify about the following topics according to the following definitions and instructions.

## Definitions

The following definitions apply to this Notice:

1. The terms "Silicon Motion," "You" and/or "Your" refer to Silicon Motion, Inc. and Silicon Motion Technology Corp., as well as any of its past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives, and all predecessors in interest to Silicon Motion, Inc. and Silicon Motion Technology Corp.

2. As used herein, any references to a particular entity (such as a corporation) include that entity and all its divisions, departments, domestic and foreign subsidiaries, branches, parents, affiliates, domestic and foreign subsidiaries of parents, affiliates, partners, predecessors-in-interest, successors-in-interest, present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, representatives, entities acting in joint-venture or partnership relationship with that particular entity, and all other persons or entities purporting to act on behalf of or in concert with that particular entity or any of its divisions, departments, subsidiaries, parents, affiliates, partners, branches, predecessors-in-interest, successors-in-interest, present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, and representatives.

3. The terms "and," "and/or," and "or" shall be construed to mean "and" or "or" in such a manner as to encompass the broadest possible scope of requested documents, things, or information, and not so as to permit the option of providing some requested documents, things, or information instead of others.

4. The term "any" shall be construed to mean any and all requested documents, things, or information inclusively, and not so as to permit the option of providing some requested documents, things, or information instead of others.

5. The term "relating to," unless otherwise indicated mean including, evidencing, concerning, summarizing, demonstrating, constituting, relating to, reflecting, referring to, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

## Instructions

1. One or more representatives may be produced at deposition for one or more topics.

2. If in responding to the deposition topics, You claim any ambiguity in either a topic or a definition or instruction applicable thereto, identify in advance of the deposition the language You consider ambiguous and state the interpretation You are using in preparing Your witness(es) to testify.

**Topics for Deposition**

1. The corporate structure of Silicon Motion, including, but not limited to, the relationship between Silicon Motion, Inc. and any other entity related to Silicon Motion, Inc.

2. The facts and circumstances relating to any policy, agreement, contract, or procedure for sharing information or Documents between Silicon Motion, Inc. based in the U.S. and any Silicon Motion entity based in China or Taiwan.

3. Whether any source code for any Silicon Motion product has ever been transferred or shared between Silicon Motion, Inc. based in the U.S. and any Silicon Motion entity based in China or Taiwan and the circumstances surrounding any such transfer.

4. The facts and circumstances relating to any control of Silicon Motion, Inc. based in the U.S. by any other Silicon Motion entity.

5. Silicon Motion, Inc.'s general business activities, including, but not limited to, the goods and services provided by Silicon Motion, Inc.