# Exhibit H

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| UNIFICATION TECHNOLOGIES LLC, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICRON TECHNOLOGY, INC., MICRON )<br>SEMICONDUCTOR PRODUCTS, INC, AND )<br>MICRON TECHNOLOGY TEXAS, LLC, )<br>)<br>Defendants. )<br>) | Civil Action No. 6:20-cv-500-ADA |

**NON-PARTY PHISON TECHNOLOGY INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), non-party Phison Technology Inc. ("PTI") hereby responds and objects to the Subpoena dated July 27, 2021 (the "Subpoena"), served upon it by Unification Technologies LLC ("Plaintiff"), as follows:

**GENERAL OBJECTIONS**

As a threshold matter, PTI objects to Plaintiffs' requests to the extent that they exceed the Court's subpoena jurisdiction over PTI, a non-resident non-party that resides more than 100 miles away from the Court. By responding to these requests, PTI preserves and does not waive any objections it has to the Court's subpoena jurisdiction and the propriety of the requests being imposed on a non-party to the litigation.

PTI objects to Plaintiff's requests to the extent they seek information that is equally in the possession, custody, or control of a party to this litigation. It is unduly burdensome and oppressive for a non-party such as PTI to incur the expense of responding to requests to seek information available through party discovery.

1

PTI objects to Plaintiff's requests to the extent they seek disclosure of proprietary and/or confidential information of PTI, including, without limitation, its trade secrets and other intellectual property rights.

PTI objects to Plaintiff's requests to the extent they require information from person or companies in which PTI does not have a controlling interest.

PTI objects to Plaintiff's requests to the extent they seek disclosure of information protected under the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

PTI objects to Plaintiff's requests to the extent they are overly broad, unduly burdensome, harassing, and/or oppressive to PTI, a non-party to this litigation.

PTI objects to Plaintiff's requests to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

PTI objects to the requests to the extent they are vague, ambiguous, do not describe the information sought with reasonable particularity, or otherwise require PTI to speculate as to the documents sought.

PTI objects to the requests to the extent they purport to alter or place any obligations on PTI that are greater than those permitted by the Federal Rule of Civil Procedure or any other applicable rule or law.

The objections set forth are incorporated in each response below and shall be deemed to be continuing even if not specifically referred to in responses to individual requests. For particular emphasis, one or more of these General Objections may be reiterated in a specific response. The absence of any reiteration in a given specific response is neither intended as, nor shall be construed as, a limitation or waiver of any General Objection made herein. Moreover, the inclusion of a specific objection to a specific response is neither intended as, nor shall be construed as, a limitation or waiver of a General Objection or any other specific objection.

Any responses to these requests are made without waiver of, or prejudice to, any objections PTI may raise now or in the future and all such objections are hereby expressly preserved. PTI further reserves the right to make any motion or application to the Court to preserve its rights, as a non-party, from being required to respond to burdensome discovery in this action, in which it is a non-party.

The following responses are based on information known to PTI at this time and are provided without prejudice to PTI's right to produce subsequently discovered evidence and facts, and to add, modify, or otherwise change or amend these responses. While PTI reserves the right to supplement, amend, or modify its responses, it undertakes no obligation to do so except as required by the Federal Rules of Civil Procedure.

## RESPONSE TO REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 1:**

All source code used by the controller You provide to Micron for use in solid state drives ("SSD"), including, but not limited to, Micron's P2 Series SSDs.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

PTI incorporates the foregoing General Objections by reference. PTI further objects to this request to the extent it requires PTI to produce its trade secrets and other proprietary and confidential information. After diligent search and a reasonable inquiry has been made in an effort to comply with this Request, there are no responsive documents within PTI's possession, custody, or control.

**DOCUMENT REQUEST NO. 2:**

Documents sufficient to show how the controllers You provide to Micron implement the TRIM command.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

PTI incorporates the foregoing General Objections by reference. PTI further objects to this request to the extent it requires PTI to produce its trade secrets and other proprietary and

confidential information. After diligent search and a reasonable inquiry has been made in an effort to comply with this Request, there are no responsive documents within PTI's possession, custody, or control.

**DOCUMENT REQUEST NO. 3:**

Documents sufficient to show how the controller You provide to Micron implement the DEALLOCATE command.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

PTI incorporates the foregoing General Objections by reference. PTI further objects to this request to the extent it requires PTI to produce its trade secrets and other proprietary and confidential information. After diligent search and a reasonable inquiry has been made in an effort to comply with this Request, there are no responsive documents within PTI's possession, custody, or control.

**DOCUMENT REQUEST NO. 4:**

All correspondence with Micron related to the patent-in-suit.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

PTI incorporates the foregoing General Objections by reference. PTI further objects to this request to the extent it requires PTI to produce its trade secrets and other proprietary and confidential information. PTI further objects to Plaintiff's request to the extent it seeks information that is equally in the possession, custody, or control of a party to this litigation. After diligent search and a reasonable inquiry has been made in an effort to comply with this Request, there are no responsive documents within PTI's possession, custody, or control.

**DOCUMENT REQUEST NO. 5:**

All correspondence with Micron related to the Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

PTI incorporates the foregoing General Objections by reference. PTI further objects to this request to the extent it requires PTI to produce its trade secrets and other proprietary and

confidential information. PTI further objects to Plaintiff's request to the extent they seek disclosure of information protected under the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. PTI objects to Plaintiff's request to the extent it seeks information that is equally in the possession, custody, or control of a party to this litigation. After diligent search and a reasonable inquiry has been made in an effort to comply with this Request, there are no responsive documents within PTI's possession, custody, or control.

**DOCUMENT REQUEST NO. 6:**

Documents sufficient to show the date You first became aware of the patent-in-suit.

**RESPONSE TO DOCUMENT REQUEST NO.6:**

PTI incorporates the foregoing General Objections by reference. PTI first became aware of the patent in suit after it received the Subpoena on or about July 29, 2021. Other than the Subpoena, PTI does not have any responsive documents within its possession, custody, or control.

**DOCUMENT REQUEST NO. 7:**

API and user guides related to the controllers You provide to Micron.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

PTI incorporates the foregoing General Objections by reference. PTI further objects to this request to the extent it requires PTI to produce its trade secrets and other proprietary and confidential information. PTI objects to Plaintiff's request to the extent it seeks information that is equally in the possession, custody, or control of a party to this litigation. After diligent search and a reasonable inquiry has been made in an effort to comply with this Request, there are no responsive documents within PTI's possession, custody, or control.

Dated: September 7, 2021

By: *Brian Lee*

Brian Y. Lee, Esq.
Counsel for Phison Technology Inc.
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Phone: (650) 251-4200

# VERIFICATION

I, MICHAEL WU, declare:

I am the general manager of Phison Technology Inc., a non-party in the above-entitled matter. I have read the foregoing **NON-PARTY PHISON TECHNOLOGY INC'S OBJECTIONS AND REPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS** and know the contents thereof. As to those matters of which I have personal knowledge, I verify that they are true and correct. As to those matters of which I have no personal knowledge, I am informed and to the best of my knowledge believe the matters therein to be true, and on that ground allege that the matters stated therein are true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at __San Jose__, California, on September _7_, 2021.

_____
Michael Wu