# Exhibit I

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNIFICATION TECHNOLOGIES LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; AND MICRON TECHNOLOGY TEXAS LLC,<br><br>        Defendants. | Civil Action No.: 6:20-cv-500-ADA |

**NON-PARTY SILICON MOTION, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

        Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Party Silicon Motion, Inc. hereby responds and objects to the Subpoena to Produce Documents served by Plaintiff Unification Technologies LLC ("Plaintiff") (the "Subpoena") as follows:

**PRELIMINARY STATEMENT**

        1.     These responses and objections are based on Silicon Motion, Inc.'s interpretation and understanding of the Subpoena and its investigation to date, its knowledge, and its belief. Silicon Motion, Inc. reserves the right to amend or supplement any portion of its objections and responses.

        2.     Silicon Motion, Inc.'s responses and objections to the Subpoena are made solely for the purpose of and in relation to the above-captioned action (the "Action") and on the express condition that such information shall not be used or disclosed for any other purpose. To the extent Silicon Motion, Inc. provides any information or produces any documents in response to

the Subpoena, it will do so in accordance with the Stipulated Protective Order dated October 29, 2020 (Dkt. No. 40).

3. Silicon Motion, Inc.'s responses and objections are made without waiving or intending to waive any objections, privilege, or other protection and shall not be considered a waiver of any objections, privilege, or other protection.

## GENERAL OBJECTIONS

Silicon Motion, Inc. objects to the definitions, instructions, and document requests ("Requests") set forth in Exhibit A to the Subpoena as follows:

1. Silicon Motion, Inc. objects to the Subpoena in its entirety and to each and every individually numbered Request therein as unduly burdensome and oppressive on the grounds that Silicon Motion, Inc. is a non-party witness. Silicon Motion, Inc. further objects to the amount of notice given as unreasonable, inadequate, unduly burdensome, and oppressive given the broad scope of the Subpoena. Silicon Motion, Inc. further objects to this Subpoena because Silicon Motion, Inc. does not transact or has never transacted business with any party to this Action, including Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC (collectively, "Micron").

2. Silicon Motion, Inc. objects to the deadlines set forth in the Subpoena as unduly burdensome and oppressive on the grounds they do not provide adequate time for Silicon Motion, Inc. to search for, locate, and produce relevant documents in its possession, custody, or control.

3. Silicon Motion, Inc. objects to the Subpoena, the "Instructions," and paragraphs 1 through 5 of the "Instructions" in particular, to the extent they seek to impose obligations and demands upon Silicon Motion, Inc. beyond those contemplated by the Federal Rules of Civil Procedure, the applicable Local Rules, or any order or ruling by the Court in this case.

4. Silicon Motion, Inc. objects to the Subpoena in its entirety and to each and every individually numbered Request therein to the extent that it seeks documents or information already obtained by Plaintiff or that it can obtain from sources that are more convenient, less

burdensome, or less expensive. In particular, Silicon Motion, Inc. objects to the extent the Subpoena seeks documents or information that can be obtained from the parties to this Action or which, by reason of public filing, prior production, or otherwise, are already in Plaintiff's possession or are readily accessible to Plaintiff.

5. Silicon Motion, Inc. objects to the Subpoena to the extent it seeks documents or information that is not in Silicon Motion, Inc.'s possession, custody, or control. Silicon Motion, Inc. further objects to the Subpoena to the extent that it purports to require Silicon Motion, Inc. to conduct anything beyond a reasonable and diligent search for responsive documents or information where such documents or information would reasonably be expected to be found.

6. Silicon Motion, Inc. objects to the Subpoena in its entirety and to each and every individually numbered Request therein to the extent it seeks the production of documents or disclosure of information protected by any applicable privilege, including but not limited to the attorney-client privilege, common-interest privilege, the work-product doctrine or immunity, or any other applicable privilege, immunity, protection, or exemption from discovery as outlined in the Federal Rules of Civil Procedure, Local Rules, any order or ruling by the Court in this case, and applicable law. Nothing contained in these objections is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, any work product protection, or any other applicable privilege or protection. To the fullest extent allowable under Federal Rule of Evidence 502 and any other applicable law, inadvertent production of any such documents or disclosure of any such information shall not constitute a waiver of any privilege with respect to the documents produced or information disclosed or the subject matter thereof, or a waiver of Silicon Motion, Inc.'s right to object to the use of any such documents or information during trial or any subsequent proceeding or to demand the return of any documents or information so disclosed.

7. Silicon Motion, Inc. objects to the Subpoena to the extent it seeks trade secrets, sensitive business information, or other information that is proprietary and/or confidential, including documents or information deemed confidential pursuant to a confidentiality agreement

or other arrangements or protected from production or disclosure pursuant to court order. Silicon Motion, Inc. will not disclose information or produce documents that are subject to confidentiality restrictions of a third party except in conformity with Silicon Motion, Inc.'s obligations to such third parties.

8. Silicon Motion, Inc. objects to the Subpoena in its entirety and to each and every individually numbered Request therein to the extent that it purports to require Silicon Motion, Inc. to draw subjective or legal conclusions, or is predicated on subjective or legal conclusions or arguments. Subject to and without waiving any objections, Silicon Motion, Inc. states that any response, production of documents, or provision of information in response to the Subpoena is not intended to provide, and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Subpoena.

9. Silicon Motion, Inc. objects to the Subpoena to the extent that it contains inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, and/or events underlying this Action. Silicon Motion, Inc. further objects to the Subpoena in its entirety to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. The fact that Silicon Motion, Inc. is willing to produce documents or provide responsive information does not constitute an admission that any Request is proper, that the documents or information it seeks is relevant or within the proper bounds of discovery, that the factual predicates stated in the Request are accurate, or that similar Requests will be treated in a similar fashion.

10. Silicon Motion, Inc. objects to the Subpoena to the extent that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not related to any party's claim or defense, or not proportional to the needs of the case.

11. Silicon Motion, Inc. objects to the Subpoena in its entirety and to each Request to the extent that it is duplicative or cumulative, and objects to the Subpoena in its entirety and to each Request to the extent that it is duplicative or cumulative of other discovery.

12. Silicon Motion, Inc. objects to the terms "Silicon Motion, Inc.," "You," and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it purports to encompass "any of its past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives, and all predecessors in interest." This definition goes beyond Silicon Motion, Inc. and seeks the production of documents and information from other entities and individuals. Silicon Motion, Inc. further objects to this definition to the extent it seeks information not within Silicon Motion, Inc.'s possession, custody, or control. The Subpoena is directed only to Silicon Motion, Inc. and if Plaintiff seeks information held by other entities or individuals, it should subpoena those entities. Silicon Motion, Inc. further objects to this definition to the extent it seeks information protected by any applicable privilege, including but not limited to the attorney-client privilege, common-interest privilege, the work-product doctrine or immunity, or any other applicable privilege, immunity, protection, or exemption from discovery. Silicon Motion, Inc. further objects to this definition to the extent it seeks information, the disclosure of which is prohibited by law, regulation, order of a court, or other authority of a foreign jurisdiction in which the information is located. Silicon Motion, Inc. further objects to the extent that the definition calls for a legal conclusion as to any proprietorship, joint venture, partnership, agency, employment, or affiliate relationship. Silicon Motion, Inc. will construe "Silicon Motion, Inc.," "You," and "Your" to mean Non-Party Silicon Motion, Inc. Silicon Motion, Inc. is responding to this Subpoena on its own behalf and not on behalf of any other person or entity.

13. Silicon Motion, Inc. objects to the term "Micron" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it purports to encompass "any of its past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives, and all persons acting on its behalf." Silicon Motion, Inc. does not know every affiliate, division, parent, subsidiary, director, officer, agent, employee, or representative Micron may have because such information is not publicly available. Silicon Motion, Inc. further objects to this definition to the extent it seeks information protected by any

applicable privilege, including but not limited to the common-interest privilege, or any other applicable privilege, immunity, protection, or exemption from discovery. Silicon Motion, Inc. further objects to the extent that the definition calls for a legal conclusion as to any agency, employment, or affiliate relationship. Silicon Motion, Inc. will construe "Micron" to mean Micron Technology, Inc.

14. Silicon Motion, Inc. objects to the term "TRIM command" as vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "adopted," "entitled," and "version," the undefined terms "TRIM command," "American National Standard for Information Technology," and "ATA/ATAPI Command Set – 3 (ACS 3)," and the circular definition of "'TRIM command'" as "the TRIM command." Silicon Motion, Inc. further objects to the definition as overbroad and unduly burdensome on the ground that it purports to incorporate by reference an unknown document that has not been provided to Silicon Motion, Inc.

15. Silicon Motion, Inc. objects to the term "DEALLOCATE command" as vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to "adopted," "entitled," and "version," the undefined terms "DEALLOCATE command," "NVMe Express," "NVMe Express Revision 1.3," and "NVME Express interface," and the circular definition of "'DEALLOCATE command'" as "the DEALLOCATE command." Silicon Motion, Inc. further objects to the definition as overbroad and unduly burdensome on the ground that it purports to incorporate by reference an unknown document that has not been provided to Silicon Motion, Inc.

16. Silicon Motion, Inc. objects to the definition of "any references to a particular entity" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it purports to encompass "that entity and all its divisions, departments, domestic and foreign subsidiaries, branches, parents, affiliates, domestic and foreign subsidiaries of parents, affiliates, partners, predecessors-in-interest, successors-in-interest, present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, representatives, entities acting in joint-

venture or partnership relationship with that particular entity, and all other persons or entities purporting to act on behalf of or in concert with that particular entity or any of its divisions, departments, subsidiaries, parents, affiliates, partners, branches, predecessors-in-interest, successors-in-interest, present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, representatives."

17. Silicon Motion, Inc. objects to the definition of "and," "and/or," and "or" as vague, ambiguous, overbroad, unduly burdensome, and to the extent they impose obligations on Silicon Motion, Inc. that are different or broader than those set forth in the Federal Rules of Civil Procedure, applicable Local Rules, or any order or ruling by the Court in this case. Silicon Motion, Inc. will construe "and," "and/or," and "or" to have their normal meaning.

18. Silicon Motion, Inc. objects to the definition of "any" as vague, ambiguous, overbroad, unduly burdensome, particularly with respect to the phrase, "not so as to permit the option of providing some requested documents, things, or information instead of others," and to the extent they impose obligations on Silicon Motion, Inc. that are different or broader than those set forth in the Federal Rules of Civil Procedure, applicable Local Rules, or any order or ruling by the Court in this case. Silicon Motion, Inc. will construe "any" to have its normal meaning.

19. Silicon Motion, Inc. objects to the definition of "relating to" as vague, ambiguous, overbroad, and unduly burdensome. Silicon Motion, Inc. further objects to the extent this definition purports to impose any obligations on Silicon Motion, Inc. that are different or broader than those set forth in the Federal Rules of Civil Procedure, applicable Local Rules, or any order or ruling by the Court in this case. Silicon Motion, Inc. will construe "relating to" to have its normal meaning.

20. Silicon Motion, Inc. provides the following specific objections and responses subject to, and without waiving the foregoing General Objections, which are incorporated by reference into each response below:

# RESPONSES AND OBJECTIONS TO DOCUMENTS REQUESTED

## REQUEST NO. 1

All source code used by the controllers You provide to Micron for use in solid state drives ("SSDs"), including, but not limited to, Micron's 2100, 2100 AT, 2210, BX500, MX500, P 1, X6, and X8 Series SSDs.

## RESPONSE TO REQUEST NO. 1

Silicon Motion, Inc. hereby incorporates by reference its Preliminary Statement and General Objections. Silicon Motion, Inc. objects to this Request on the grounds that it seeks documents or information that Plaintiff can obtain from sources that are more convenient, less burdensome, or less expensive. In particular, Silicon Motion, Inc. objects to the Request on the grounds that it seeks documents or information that can be obtained from the parties to this Action, namely Defendant Micron, instead of Non-Party Silicon Motion, Inc. Silicon Motion, Inc. further objects to this Request on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case because Silicon Motion, Inc. is not a party to this Action and does not transact or has ever transacted business with any party to this Action, including Micron. Silicon Motion, Inc. further objects to this Request on the grounds that it is overly broad and unduly burdensome, as it necessitates a review that would take an unreasonable amount of time and money that is not proportional to the needs of the case. Silicon Motion, Inc. further objects to this Request as vague and ambiguous, particularly with respect to the terms "source code," "controllers," "provide," "use," and "solid state drives." Silicon Motion, Inc. further objects to this Request on the grounds it seeks trade secrets, sensitive business information, and other information that is proprietary and/or confidential. Silicon Motion, Inc.'s product development is confidential and constitutes a trade secret and all documents related to its product development are highly proprietary and have always been treated as trade secrets by Silicon Motion, Inc. Disclosure of any such information would directly and severely harm Silicon Motion, Inc.

Subject to and without waiving these objections, Silicon Motion, Inc. responds that it has conducted a reasonable and diligent search for responsive documents or information where such documents or information would reasonably be expected to be found and has not found any such documents or information.

**REQUEST NO. 2**

Documents sufficient to show how the controllers You provide to Micron implement the TRIM command.

**RESPONSE TO REQUEST NO. 2**

Silicon Motion, Inc. hereby incorporates by reference its Preliminary Statement and General Objections. Silicon Motion, Inc. objects to this Request on the grounds that it seeks documents or information that Plaintiff can obtain from sources that are more convenient, less burdensome, or less expensive. In particular, Silicon Motion, Inc. objects to the Request on the grounds that it seeks documents or information that can be obtained from the parties to this Action, namely Defendant Micron, instead of Non-Party Silicon Motion, Inc. Silicon Motion, Inc. further objects to this Request on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case because Silicon Motion, Inc. is not a party to this Action and does not transact or has ever transacted business with any party to this Action, including Micron. Silicon Motion, Inc. further objects to this Request on the grounds that it is overly broad and unduly burdensome, as it necessitates a review that would take an unreasonable amount of time and money that is not proportional to the needs of the case. Silicon Motion, Inc. further objects to this Request as vague and ambiguous, particularly with respect to the terms "sufficient," "controllers," "provide," and "implement." Silicon Motion, Inc. further objects to this Request on the grounds it seeks trade secrets, sensitive business information, and other information that is proprietary and/or confidential. Silicon Motion, Inc.'s product development is confidential and constitutes a trade secret and all documents related to its product development are highly proprietary and have always been

treated as trade secrets by Silicon Motion, Inc. Disclosure of any such information would directly and severely harm Silicon Motion, Inc.

Subject to and without waiving these objections, Silicon Motion, Inc. responds that it has conducted a reasonable and diligent search for responsive documents or information where such documents or information would reasonably be expected to be found and has not found any such documents or information.

**REQUEST NO. 3**

Documents sufficient to show how the controllers You provide to Micron implement the DEALLOCATE command.

**RESPONSE TO REQUEST NO. 3**

Silicon Motion, Inc. hereby incorporates by reference its Preliminary Statement and General Objections. Silicon Motion, Inc. objects to this Request on the grounds that it seeks documents or information that Plaintiff can obtain from sources that are more convenient, less burdensome, or less expensive. In particular, Silicon Motion, Inc. objects to the Request on the grounds that it seeks documents or information that can be obtained from the parties to this Action, namely Defendant Micron, instead of Non-Party Silicon Motion, Inc. Silicon Motion, Inc. further objects to this Request on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case because Silicon Motion, Inc. is not a party to this Action and does not transact or has ever transacted business with any party to this Action, including Micron. Silicon Motion, Inc. further objects to this Request on the grounds that it is overly broad and unduly burdensome, as it necessitates a review that would take an unreasonable amount of time and money that is not proportional to the needs of the case. Silicon Motion, Inc. further objects to this Request as vague and ambiguous, particularly with respect to the terms "sufficient," "controllers," "provide," and "implement." Silicon Motion, Inc. further objects to this Request on the grounds it seeks trade secrets, sensitive business information, and other information that is proprietary and/or confidential. Silicon

Motion, Inc.'s product development is confidential and constitutes a trade secret and all documents related to its product development are highly proprietary and have always been treated as trade secrets by Silicon Motion, Inc. Disclosure of any such information would directly and severely harm Silicon Motion, Inc.

Subject to and without waiving these objections, Silicon Motion, Inc. responds that it has conducted a reasonable and diligent search for responsive documents or information where such documents or information would reasonably be expected to be found and has not found any such documents or information.

**REQUEST NO. 4**

All correspondence with Micron related to the patents-in-suit.

**RESPONSE TO REQUEST NO.4**

Silicon Motion, Inc. hereby incorporates by reference its Preliminary Statement and General Objections. Silicon Motion, Inc. objects to this Request on the grounds that it seeks documents or information that Plaintiff can obtain from sources that are more convenient, less burdensome, or less expensive. In particular, Silicon Motion, Inc. objects to the Request on the grounds that it seeks documents or information that can be obtained from the parties to this Action, namely Defendant Micron, instead of Non-Party Silicon Motion, Inc. Silicon Motion, Inc. further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because Silicon Motion, Inc. is not a party to this Action and does not transact or has ever transacted business with any party to this Action, including Micron. Silicon Motion, Inc. further objects to this Request on the grounds that it is overly broad and unduly burdensome, as it necessitates a review that would take an unreasonable amount of time and money that is not proportional to the needs of the case. Silicon Motion, Inc. further objects to this Request as vague and ambiguous, particularly with respect to the terms "correspondence." Silicon Motion, Inc. further objects to this definition to the extent it purports to include information protected by any applicable privilege, including but not limited to the

attorney-client privilege, common-interest privilege, the work-product doctrine or immunity, or any other applicable privilege, immunity, protection, or exemption from discovery.

Subject to and without waiving these objections, Silicon Motion, Inc. responds that it has conducted a reasonable and diligent search for responsive documents or information where such documents or information would reasonably be expected to be found and has not found any such documents or information.

**REQUEST NO. 5**

All correspondence with Micron related to the Litigation.

**RESPONSE TO REQUEST NO. 5**

Silicon Motion, Inc. hereby incorporates by reference its Preliminary Statement and General Objections. Silicon Motion, Inc. objects to this Request on the grounds that it seeks documents or information that Plaintiff can obtain from sources that are more convenient, less burdensome, or less expensive. In particular, Silicon Motion, Inc. objects to the Request on the grounds that it seeks documents or information that can be obtained from the parties to this Action, namely Defendant Micron, instead of Non-Party Silicon Motion, Inc. Silicon Motion, Inc. further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because Silicon Motion, Inc. is not a party to this Action and does not transact or has ever transacted business with any party to this Action, including Micron. Silicon Motion, Inc. further objects to this Request on the grounds that it is overly broad and unduly burdensome, as it necessitates a review that would take an unreasonable amount of time and money that is not proportional to the needs of the case. Silicon Motion, Inc. further objects to this Request as vague and ambiguous, particularly with respect to the terms "correspondence." Silicon Motion, Inc. further objects to this definition to the extent it purports to include information protected by any applicable privilege, including but not limited to the attorney-client privilege, common-interest privilege, the work-product doctrine or immunity, or any other applicable privilege, immunity, protection, or exemption from discovery.

Subject to and without waiving these objections, Silicon Motion, Inc. responds that it has conducted a reasonable and diligent search for responsive documents or information where such documents or information would reasonably be expected to be found and has not found any such documents or information.

**REQUEST NO. 6**

Documents sufficient to show the date You first became aware of the patents-in-suit.

**RESPONSE TO REQUEST NO. 6**

Silicon Motion, Inc. hereby incorporates by reference its Preliminary Statement and General Objections. Silicon Motion, Inc. objects to this Request on the grounds that it seeks documents or information that Plaintiff can obtain from sources that are more convenient, less burdensome, or less expensive. In particular, Silicon Motion, Inc. objects to the Request on the grounds that it seeks documents or information that can be obtained from the parties to this Action, namely Defendant Micron, instead of Non-Party Silicon Motion, Inc. Silicon Motion, Inc. further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because Silicon Motion, Inc. is not a party to this Action and does not transact or has ever transacted business with any party to this Action, including Micron. Silicon Motion, Inc. further objects to this Request on the grounds that it is overly broad and unduly burdensome, as it necessitates a review that would take an unreasonable amount of time and money that is not proportional to the needs of the case. Silicon Motion, Inc. further objects to this Request as vague and ambiguous, particularly with respect to the terms "sufficient" and "aware." Silicon Motion, Inc. further objects to this definition to the extent it purports to include information protected by any applicable privilege, including but not limited to the attorney-client privilege, common-interest privilege, the work-product doctrine or immunity, or any other applicable privilege, immunity, protection, or exemption from discovery.

Subject to and without waiving these objections, Silicon Motion, Inc. responds that it has conducted a reasonable and diligent search for responsive documents or information where such

documents or information would reasonably be expected to be found and has not found any such documents or information.

**REQUEST NO. 7**

API and user guides related to the controllers You provide to Micron.

**RESPONSE TO REQUEST NO. 7**

Silicon Motion, Inc. hereby incorporates by reference its Preliminary Statement and General Objections. Silicon Motion, Inc. objects to this Request on the grounds that it seeks documents or information that Plaintiff can obtain from sources that are more convenient, less burdensome, or less expensive. In particular, Silicon Motion, Inc. objects to the Request on the grounds that it seeks documents or information that can be obtained from the parties to this Action, namely Defendant Micron, instead of Non-Party Silicon Motion, Inc. Silicon Motion, Inc. further objects to this Request on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case because Silicon Motion, Inc. is not a party to this Action and does not transact or has ever transacted business with any party to this Action, including Micron. Silicon Motion, Inc. further objects to this Request on the grounds that it is overly broad and unduly burdensome, as it necessitates a review that would take an unreasonable amount of time and money that is not proportional to the needs of the case. Silicon Motion, Inc. further objects to this Request as vague and ambiguous, particularly with respect to the terms "API," "user guides," "controllers," and "provide." Silicon Motion, Inc. further objects to this Request on the grounds it seeks trade secrets, sensitive business information, and other information that is proprietary and/or confidential. Silicon Motion, Inc.'s product development is confidential and constitutes a trade secret and all documents related to its product development are highly proprietary and have always been treated as trade secrets by Silicon Motion, Inc. Disclosure of any such information would directly and severely harm Silicon Motion, Inc.

Subject to and without waiving these objections, Silicon Motion, Inc. responds that it has conducted a reasonable and diligent search for responsive documents or information where such documents or information would reasonably be expected to be found and has not found any such documents or information.

Dated:  August 6, 2021

Respectfully submitted,

By: /s/ *David J. Tsai*
     David J. Tsai

**Pillsbury Winthrop Shaw Pittman LLP**
4 Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Telephone:  415.983.1000
Facsimile:  415.983.1200
Email:  david.tsai@pillsburylaw.com

*Counsel for Non-Party Silicon Motion, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on 6th day of August 2021, true and correct copies of the foregoing document was served via email on:

Edward Nelson III (*ed@nbafirm.com*)
Robert A. Delafield II (*bobby@nbafirm.com*)
Jonathan H. Rastegar (*jon@nbafirm.com*)
**NELSON BUMGARDNER ALBRITTON PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107

Timothy E. Grochocinski (*tim@nbafirm.com*)
**NELSON BUMGARDNER ALBRITTON PC**
15020 S. Ravinia Avenue, Suite 29
Orland Park, IL 60462

*COUNSEL FOR PLAINTIFF*
*UNIFICATION TECHNOLOGIES LLC*


Katherine Kelly Vidal (*kvidal@winston.com*)
Michael R. Rueckheim (*mrueckheim@winston.com*)
**Winston & Strawn LLP**
275 Middlefield Road, Suite 205
Menlo Park, CA 94025

Natalie Terhune Arbaugh (*narbaugh@winston.com*)
Qi (Peter) Tong (*ptong@winston.com*)
Thomas M. Melsheimer (*tmelsheimer@winston.com*)
**Winston & Strawn LLP**
2121 N. Pearl St, Suite 900
Dallas, TX 75201

Vivek V. Krishnan (*vkrishnan@winston.com*)
**Winston & Strawn LLP**
35 W. Wacker Drive
Chicago, IL 60601

*COUNSEL FOR DEFENDANTS*

                                          */s/ David J. Tsai*
                                          David J. Tsai

4846-5216-1779