# Exhibit J

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNIFICATION TECHNOLOGIES LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; AND MICRON TECHNOLOGY TEXAS LLC,<br><br>        Defendants. | Civil Action No.: 6:20-cv-500-ADA |

**NON-PARTY SILICON MOTION, INC.'S RESPONSES AND OBJECTIONS
TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Party Silicon Motion, Inc. hereby responds and objects to the Subpoena to testify at a Deposition in a Civil Action (the "Subpoena") served by Plaintiff Unification Technologies LLC ("Plaintiff") as follows:

**PRELIMINARY STATEMENT**

1. These responses and objections are based on Silicon Motion, Inc.'s interpretation and understanding of the Subpoena and its investigation to date, its knowledge, and its belief. Silicon Motion, Inc. reserves the right to amend or supplement any portion of its objections and responses.

2. Silicon Motion, Inc.'s responses and objections to the Subpoena are made solely for the purpose of and in relation to the above-captioned action (the "Action") and on the express condition that such information shall not be used or disclosed for any other purpose. To the extent Silicon Motion, Inc. provides any information or testimony in response to the Subpoena, it will do so in accordance with the Stipulated Protective Order dated October 29, 2020 (Dkt. No. 40).

4826-4954-0088

3. Silicon Motion, Inc.'s responses and objections are made without waiving or intending to waive any objections, privilege, or other protection and shall not be considered a waiver of any objections, privilege, or other protection.

**GENERAL OBJECTIONS**

Silicon Motion, Inc. objects to the definitions, instructions, and topics for deposition ("Topics") set forth in Exhibit A to the Subpoena as follows:

1. Silicon Motion, Inc. objects to the Subpoena in its entirety and to each and every individually numbered Topics therein as unduly burdensome and oppressive on the grounds that Silicon Motion, Inc. is a non-party witness. Silicon Motion, Inc. further objects to the amount of notice given as unreasonable, inadequate, unduly burdensome, and oppressive given the scope of the Subpoena. Silicon Motion, Inc. further objects to this Subpoena because Silicon Motion, Inc. does not transact or has never transacted business with any party to this Action, including Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC (collectively, "Micron").

2. Silicon Motion, Inc. objects to the deadlines set forth in the Subpoena as unduly burdensome and oppressive on the grounds they do not provide adequate time for Silicon Motion, Inc. to search for, locate, prepare, and produce witnesses for deposition.

3. Silicon Motion, Inc. objects to the Subpoena, the "Instructions" to the extent they seek to impose obligations and demands upon Silicon Motion, Inc. beyond those contemplated by the Federal Rules of Civil Procedure, the applicable Local Rules, or any order or ruling by the Court in this case.

4. Silicon Motion, Inc. objects to the Subpoena in its entirety and to each and every individually numbered Topic therein to the extent that it seeks information already obtained by Plaintiff or that it can obtain from sources that are more convenient, less burdensome, or less expensive. In particular, Silicon Motion, Inc. objects to the extent the Subpoena seeks information that can be obtained from the parties to this Action or which, by reason of public

2

filing, prior production, or otherwise, are already in Plaintiff's possession or are readily accessible to Plaintiff.

5. Silicon Motion, Inc. objects to the Subpoena to the extent it seeks information that is not in Silicon Motion, Inc.'s possession, custody, or control. In particular, Silicon Motion, Inc, objects to the Subpoena in its entirety and to each and every individually numbered Topic therein to the extent it seeks information that is within the control of Silicon Motion Technology Corp., which is a wholly separate entity incorporated in the Cayman Islands. The Subpoena is directed only to Silicon Motion, Inc. and to the extent Plaintiff seeks information from Silicon Motion Technology Corp., it should subpoena that entity.

6. Silicon Motion, Inc. objects to the Subpoena in its entirety and to each and every individually numbered Topic therein to the extent it seeks the disclosure of information protected by any applicable privilege, including but not limited to the attorney-client privilege, common-interest privilege, the work-product doctrine or immunity, or any other applicable privilege, immunity, protection, or exemption from discovery as outlined in the Federal Rules of Civil Procedure, Local Rules, any order or ruling by the Court in this case, and applicable law. Nothing contained in these objections is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, any work product protection, or any other applicable privilege or protection. To the fullest extent allowable under Federal Rule of Evidence 502 and any other applicable law, inadvertent disclosure of any such information shall not constitute a waiver of any privilege with respect to the information disclosed or the subject matter thereof, or a waiver of Silicon Motion, Inc.'s right to object to the use of any such information during trial or any subsequent proceeding or to demand the destruction of deletion of any such information so disclosed.

7. Silicon Motion, Inc. objects to the Subpoena to the extent it seeks trade secrets, sensitive business information, or other information that is proprietary and/or confidential, including information deemed confidential pursuant to a confidentiality agreement or other arrangements or protected from production or disclosure pursuant to court order. Silicon

Motion, Inc. will not disclose information that is subject to confidentiality restrictions of a third party except in conformity with Silicon Motion, Inc.'s obligations to such third parties.

8. Silicon Motion, Inc. objects to the Subpoena in its entirety and to each and every individually numbered Topic therein to the extent that it purports to require Silicon Motion, Inc. to draw subjective or legal conclusions, or is predicated on subjective or legal conclusions or arguments. Subject to and without waiving any objections, Silicon Motion, Inc. states that any response or provision of information in response to the Subpoena is not intended to provide, and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Subpoena.

9. Silicon Motion, Inc. objects to the Subpoena to the extent that it contains inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, and/or events underlying this Action. Silicon Motion, Inc. further objects to the Subpoena in its entirety to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. The fact that Silicon Motion, Inc. is willing to provide responsive information or testimony does not constitute an admission that any Topic is proper, that the information it seeks is relevant or within the proper bounds of discovery, that the factual predicates stated in the Topic are accurate, or that similar Topic will be treated in a similar fashion.

10. Silicon Motion, Inc. objects to the Subpoena to the extent that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not related to any party's claim or defense, or not proportional to the needs of the case.

11. Silicon Motion, Inc. objects to the Subpoena in its entirety and to each Topic to the extent that it is duplicative or cumulative, and objects to the Subpoena in its entirety and to each Topic to the extent that it is duplicative or cumulative of other discovery.

12. Silicon Motion, Inc. objects to the terms "Silicon Motion, Inc.," "You," and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it purports to encompass "any of its past and present affiliates, operating divisions, parent corporations,

subsidiaries, directors, officers, agents, employees, representatives, and all predecessors in interest." Silicon Motion, Inc. further objects to this definition on the grounds that it purports to include "Silicon Motion Technology Corp." This definition goes beyond Silicon Motion, Inc. and seeks the information and testimony from other entities and individuals. Silicon Motion, Inc. further objects to this definition to the extent it seeks information not within Silicon Motion, Inc.'s possession, custody, or control. The Subpoena is directed only to Silicon Motion, Inc. and if Plaintiff seeks information held by other entities or individuals, it should subpoena those entities. Silicon Motion, Inc. further objects to this definition to the extent it seeks information protected by any applicable privilege, including but not limited to the attorney-client privilege, common-interest privilege, the work-product doctrine or immunity, or any other applicable privilege, immunity, protection, or exemption from discovery. Silicon Motion, Inc. further objects to this definition to the extent it seeks information, the disclosure of which is prohibited by law, regulation, order of a court, or other authority of a foreign jurisdiction in which the information is located. Silicon Motion, Inc. further objects to the extent that the definition calls for a legal conclusion as to any proprietorship, joint venture, partnership, agency, employment, or affiliate relationship. Silicon Motion, Inc. will construe "Silicon Motion, Inc.," "You," and "Your" to mean Non-Party Silicon Motion, Inc. Silicon Motion, Inc. is responding to this Subpoena on its own behalf and not on behalf of any other person or entity.

13. Silicon Motion, Inc. objects to the definition of "any references to a particular entity" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it purports to encompass "that entity and all its divisions, departments, domestic and foreign subsidiaries, branches, parents, affiliates, domestic and foreign subsidiaries of parents, affiliates, partners, predecessors-in-interest, successors-in-interest, present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, representatives, entities acting in joint-venture or partnership relationship with that particular entity, and all other persons or entities purporting to act on behalf of or in concert with that particular entity or any of its divisions, departments, subsidiaries, parents, affiliates, partners, branches, predecessors-in-interest,

successors-in-interest, present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, representatives." Silicon Motion, Inc. is responding to this Subpoena on its own behalf and not on behalf of any other person or entity.

14. Silicon Motion, Inc. objects to the definition of "and," "and/or," and "or" as vague, ambiguous, overbroad, unduly burdensome, and to the extent they impose obligations on Silicon Motion, Inc. that are different or broader than those set forth in the Federal Rules of Civil Procedure, applicable Local Rules, or any order or ruling by the Court in this case. Silicon Motion, Inc. will construe "and," "and/or," and "or" to have their normal meaning.

15. Silicon Motion, Inc. objects to the definition of "any" as vague, ambiguous, overbroad, unduly burdensome, particularly with respect to the phrase, "not so as to permit the option of providing some requested documents, things, or information instead of others," and to the extent they impose obligations on Silicon Motion, Inc. that are different or broader than those set forth in the Federal Rules of Civil Procedure, applicable Local Rules, or any order or ruling by the Court in this case. Silicon Motion, Inc. will construe "any" to have its normal meaning.

16. Silicon Motion, Inc. objects to the definition of "relating to" as vague, ambiguous, overbroad, and unduly burdensome. Silicon Motion, Inc. further objects to the extent this definition purports to impose any obligations on Silicon Motion, Inc. that are different or broader than those set forth in the Federal Rules of Civil Procedure, applicable Local Rules, or any order or ruling by the Court in this case. Silicon Motion, Inc. will construe "relating to" to have its normal meaning.

17. Silicon Motion, Inc. provides the following specific objections and responses subject to, and without waiving the foregoing General Objections, which are incorporated by reference into each response below:

**TOPICS FOR DEPOSITION**

**TOPIC NO. 1**

The corporate structure of Silicon Motion, including, but not limited to, the relationship between Silicon Motion, Inc. and any other entity related to Silicon Motion, Inc.

**RESPONSE TO TOPIC NO. 1**

Silicon Motion, Inc. hereby incorporates by reference its Preliminary Statement and General Objections. Silicon Motion, Inc. objects to this Topic on the grounds that it seeks documents or information that Plaintiff can obtain from sources that are more convenient, less burdensome, or less expensive, including public sources of information. Silicon Motion, Inc. further objects to this Topic on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case because Silicon Motion, Inc. is not a party to this Action and does not transact or has ever transacted business with any party to this Action. Silicon Motion, Inc. further objects to this Topic on the grounds that it is overly broad and unduly burdensome, not relevant to any parties' claim or defense, and not proportional to the needs of the case insofar as it purports to encompass "any other entity related to Silicon Motion, Inc." Silicon Motion, Inc. further objects to this Topic as vague and ambiguous, particularly with respect to the terms "corporate structure," "relationship," and "related to."

Subject to and without waiving these objections, Silicon Motion, Inc. responds that it will make reasonable efforts to produce the person most qualified to provide testimony on this Topic at a time and place in accordance with local and state COVID laws and regulations.

**TOPIC NO. 2**

The facts and circumstances relating to any policy, agreement, contract, or procedure for sharing information or Documents between Silicon Motion, Inc. based in the U.S. and any Silicon Motion entity based in China or Taiwan.

**RESPONSE TO TOPIC NO. 2**

Silicon Motion, Inc. hereby incorporates by reference its Preliminary Statement and General Objections. Silicon Motion, Inc. further objects to this Topic on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case because Silicon Motion, Inc. is not a party to this Action and does not transact or has ever transacted business with any party to this Action. Silicon Motion, Inc.

further objects to this Topic on the grounds that it is overly broad and unduly burdensome, not relevant to any parties' claim or defense, and not proportional to the needs of the case insofar as it purports to encompass "any Silicon Motion entity based in China or Taiwan." Silicon Motion, Inc. further objects to this Topic as vague and ambiguous, particularly with respect to the terms "circumstances," "policy," "procedure," "sharing," "between," and the undefined term "Silicon Motion entity."

Subject to and without waiving these objections, Silicon Motion, Inc. responds that it will make reasonable efforts to produce the person most qualified to provide testimony on this Topic at a time and place in accordance with local and state COVID laws and regulations.

**TOPIC NO. 3**

Whether any source code for any Silicon Motion product has ever been transferred or shared between Silicon Motion, Inc. based in the U.S. and any Silicon Motion entity based in China or Taiwan and the circumstances surrounding any such transfer.

**RESPONSE TO TOPIC NO. 3**

Silicon Motion, Inc. hereby incorporates by reference its Preliminary Statement and General Objections. Silicon Motion, Inc. further objects to this Topic on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case because Silicon Motion, Inc. is not a party to this Action and does not transact or has ever transacted business with any party to this Action. Silicon Motion, Inc. further objects to this Topic on the grounds that it is overly broad and unduly burdensome, not relevant to any parties' claim or defense, and not proportional to the needs of the case insofar as it purports to encompass "any Silicon Motion entity based in China or Taiwan." Silicon Motion, Inc. further objects to this Topic on the grounds it seeks trade secrets, sensitive business information, and other information that is proprietary and/or confidential. Silicon Motion, Inc.'s business activities, including its product development is confidential and constitutes a trade secret; all information related to its product development is highly proprietary and has always been treated as trade secrets by Silicon Motion, Inc. Disclosure of any such information would

directly and severely harm Silicon Motion, Inc. Silicon Motion, Inc. further objects to this Topic as vague and ambiguous, particularly with respect to the terms "source code," "produce," "transferred," "shared," "circumstances," "surrounding," and the undefined term "Silicon Motion entity."

Subject to and without waiving these objections, Silicon Motion, Inc. responds that it will make reasonable efforts to produce the person most qualified to provide testimony on this Topic at a time and place in accordance with local and state COVID laws and regulations.

**TOPIC NO. 4**

The facts and circumstances relating to any control of Silicon Motion, Inc. based in the U.S. by any other Silicon Motion entity.

**RESPONSE TO TOPIC NO.4**

Silicon Motion, Inc. hereby incorporates by reference its Preliminary Statement and General Objections. Silicon Motion, Inc. further objects to this Topic on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case because Silicon Motion, Inc. is not a party to this Action and does not transact or has ever transacted business with any party to this Action. Silicon Motion, Inc. further objects to this Topic on the grounds that it is overly broad and unduly burdensome, not relevant to any parties' claim or defense, and not proportional to the needs of the case insofar as it purports to encompass "any other Silicon Motion entity." Silicon Motion, Inc. further objects to this Topic as vague and ambiguous, particularly with respect to the terms "circumstances," "control," and the undefined term "Silicon Motion entity."

Subject to and without waiving these objections, Silicon Motion, Inc. responds that it will make reasonable efforts to produce the person most qualified to provide testimony on this Topic at a time and place in accordance with local and state COVID laws and regulations.

**TOPIC NO. 5**

Silicon Motion, Inc.'s general business activities, including, but not limited to, the goods and services provided by Silicon Motion, Inc.

**RESPONSE TO TOPIC NO. 5**

Silicon Motion, Inc. hereby incorporates by reference its Preliminary Statement and General Objections. Silicon Motion, Inc. further objects to this Topic on the grounds that it is overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of the case because Silicon Motion, Inc. is not a party to this Action and does not transact or has ever transacted business with any party to this Action. Silicon Motion, Inc. further objects to this Topic on the grounds that it is overly broad and unduly burdensome, as it necessitates seeks information that is not relevant to any parties' claim or defense and not proportional to the needs of the case. Silicon Motion, Inc. further objects to this Topic on the grounds it seeks trade secrets, sensitive business information, and other information that is proprietary and/or confidential. Silicon Motion, Inc.'s business activities, including its product development is confidential and constitutes a trade secret; all information related to its product development is highly proprietary and has always been treated as trade secrets by Silicon Motion, Inc. Disclosure of any such information would directly and severely harm Silicon Motion, Inc. Silicon Motion, Inc. further objects to this Topic as vague and ambiguous, particularly with respect to the terms "general business activities," "goods," "services," and "provided."

Subject to and without waiving these objections, Silicon Motion, Inc. responds that it will make reasonable efforts to produce the person most qualified to provide testimony on this Topic at a time and place in accordance with local and state COVID laws and regulations.

Dated: September 2, 2021

Respectfully submitted,

By: /s/ *David J. Tsai*
    David J. Tsai
**Pillsbury Winthrop Shaw Pittman LLP**
4 Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: 415.983.1000
Email: david.tsai@pillsburylaw.com

*Counsel for Non-Party Silicon Motion, Inc.*

4826-4954-0088

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September 2021, a true and correct copy of the foregoing document was served via email on:

Edward Nelson III (*ed@nbafirm.com*)
Jonathan H. Rastegar (*jon@nbafirm.com*)
Robert A. Delafield II (*bobby@nbafirm.com*)
**NELSON BUMGARDNER ALBRITTON PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107

Timothy E. Grochocinski (*tim@nbafirm.com*)
**NELSON BUMGARDNER ALBRITTON PC**
15020 S. Ravinia Avenue, Suite 29
Orland Park, IL 60462

*COUNSEL FOR PLAINTIFF*
*UNIFICATION TECHNOLOGIES LLC*


Katherine Kelly Vidal (*kvidal@winston.com*)
Michael R. Rueckheim (*mrueckheim@winston.com*)
**Winston & Strawn LLP**
275 Middlefield Road, Suite 205
Menlo Park, CA 94025

Natalie Terhune Arbaugh (*narbaugh@winston.com*)
Thomas M. Melsheimer (*tmelsheimer@winston.com*)
Qi (Peter) Tong (*ptong@winston.com*)
**Winston & Strawn LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201

Vivek V. Krishnan (*vkrishnan@winston.com*)
**Winston & Strawn LLP**
35 W. Wacker Drive
Chicago, IL 60601

*COUNSEL FOR DEFENDANTS*

                                            */s/ David J. Tsai*
                                            David J. Tsai