IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNIFICATION TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MICRON TECHNOLOGY, INC., et al.,<br><br>Defendants | Civ. A. No. 6:20-CV-500 |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
## (LETTER ROGATORY)

To:   The Judicial Authorities of Taiwan

The United States District Court for the Western District of Texas presents its compliments to the judicial authorities of Taiwan and has the honor to request international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter, namely, an action for patent infringement between **Unification Technologies LLC**, a Texas limited liability company ("UTL"), and **Micron Technology, Inc.**, a Delaware corporation; **Micron Semiconductor Products, Inc.**, an Idaho corporation; and **Micron Technology Texas LLC**, an Idaho limited liability company (together, "Micron"). Trial is currently set to begin on June 13, 2022 in Waco, Texas, USA.

The Court requests the assistance described in this letter as necessary in the interests of justice. The assistance requested is that the appropriate judicial authorities of Taiwan compel the below-named persons to produce the documents and provide the testimony described below.

## PERSONS FROM WHOM EVIDENCE IS SOUGHT

**Silicon Motion, Inc.**
8F-1, No. 36, Taiyuan Street
Jhubei City
Hsinchu County
Taiwan

Silicon Motion, Inc. is represented by:

David J. Tsai
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998

**Phison Electronics Corp.**
No. 1, Qun Yi Road
Jhunan, Miaoli
Taiwan

Both of these corporations are organized under the law of Taiwan.

## THE PARTIES AND THEIR REPRESENATIVES

UTL is represented in this civil action by:

Edward R. Nelson III
Robert A. Delafield II
Nelson Bumgardner Conroy PC
3131 West 7th St., Suite 300
Fort Worth, Texas 76107 USA
Email: ed@nelbum.com, bobby@nelbum.com

Jonathan H. Rastegar
Nelson Bumgardner Conroy PC
2727 N. Harwood St., Suite 250
Dallas, Texas 75201 USA
Email: jon@nelbum.com

Timothy E. Grochocinski
Nelson Bumgardner Conroy PC
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462 USA
Email : tim@nelbum.com

UTL is also represented in connection with these letters rogatory by:

Theodore J. Folkman
Folkman LLC
53 State St., Suite 500
Boston, Massachusetts 02109 USA
Email: ted@folkman.law

UTL's representative in Taiwan is:

Christopher M. Neumeyer
正浩外國法事務律師事務所
Attorney of Foreign Legal Affairs
P.O. Box 118-603
Taipei, Taiwan, R.O.C.
Email: chrisneumeyer@asialaw.biz

Micron is represented in this civil action by:

Thomas M. Melsheimer
Natalie Arbaugh
Qi Peter Tong
Winston & Strawn LLP
2121 N. Pearl St., Suite 900
Dallas, Texas 75201 USA
Email: tmelsheimer@winston.com, narbaugh@winston.com, ptong@winston.com

Katherine Vidal
Michael R. Rueckheim
Winston & Strawn LLP
275 Middlefield Rd., Suite 205
Menlo Park, CA 94025 USA
Email: kvidal@winston.com, mrueckheim@winston.com

Vivek V. Krishnan
Winston & Strawn LLP
35 W. Wacker Dr.
Chicago, Illinois 60601 USA
Email: vkrishnan@winston.com

## BACKGROUND

UTL, the plaintiff in the action, is the owner of U.S. Patent Nos. 8,762,658 ("the '658 Patent"), 8,533,406 ("the '406 Patent"), and 9,632,727 ("the '727 Patent", collectively, "the

Patents"). The Patents, in general terms, relate to managing data on solid-state devices such as Flash memory drives in order to make certain storage functions more efficient.

UTL claims that Micron infringed its Patents in violation of Title 35, Section 271(a) of the United States Code by making, using, selling, offering for sale, or importing into the United States products that are covered by claims of the Patents. UTL claims that Micron's products, for example the Micron 5200 Series SSD, infringe the '658 Patent because they contain a non-volatile storage medium such as flash memory, a flash translation layer, and circuitry and associated software that stores data in response to receiving certain commands such as the TRIM command, such that data is stored in response to the command indicating that certain data is erased. UTL claims that Micron's products, for example the Micron Series 5200 Series SSD, infringe the '406 Patent because they utilize flash memory, a flash translation layer that maps one or more logical block addresses to physical address for certain data and contains circuitry that is configured to receive a TRIM command that indicates and records that data stored in the 3d TLC NAND flash memory at the location specified by the logical block addresses indicated in a TRIM command has been deleted and can be erased. UTL also claims that Micron's products, for example the Micron 5200 Series SATA SSDs, infringe the '727 Patent because they include solid-state storage memory such as NAND flash memory along with a controller, a flash translation layer, and circuitry and associated software that assigns logical addresses to physical addresses used to store data on the solid-state storage memory and also removes those assignments in response to commands such as TRIM from the operating system. Micron denies these allegations and asserts several affirmative defenses. Micron has also brought a counterclaim seeking a Declaration that it has not infringed the Patents and that the Patents are invalid.

Silicon Motion, Inc. ("SMI") and Phison Electronics Corp ("Phison") created source code that is used in the controllers that are incorporated in the products that UTL alleges infringe its patents. Micron, does not manufacture the controllers and does not have the source code in its possession. UTL has asserted that the text of the source code is of primary importance to prove some of its claims of patent infringement. This Court finds that the source code would be relevant to the claims asserted in this civil action.

## DOCUMENTS TO BE OBTAINED

(1)     All source code used by the controllers that SMI provided to Micron for use in the following solid state drives ("SSDs"): Micron 2100, Micron 2100 AT, Micron BX500, Micron MX500, Micron P1, Micron X6, and Micron X8 Series.

(3)     All source code used by the controllers that Phison provided to Micron for use in the following SSD: Micron P2 Series.

## TESTIMONY TO BE OBTAINED

This Court also requests that the appropriate judicial authorities of Taiwan order SMI and Phison, each through an authorized representative with personal knowledge of the source code, to answer the following questions under oath, in order to authenticate the source code:

(1) QUESTION FOR SMI

    a. Is the source code that SMI has produced a true and correct copy of the source code that it understands is used in the controllers incorporated in the following series of Micron SSD devices: Micron 2100, Micron 2100 AT, Micron BX500, Micron MX500, Micron P1, Micron X6, and Micron X8?

(2) QUESTION FOR PHISON

a. Is the source code that Phison has produced a true and correct copy of the source code that it understands is used in the controllers incorporated in the Micron P2 Series SSD devices?

## RIGHTS OF THE WITNESSES

Witnesses have the right to refuse to produce evidence that is privileged, either under US federal law or under the laws of Taiwan. Under US law, the most commonly asserted privileges are the attorney-client privilege, which, in general terms, permits a client to refuse to provide evidence concerning communications with its lawyer for the purpose of obtaining legal device, and (for natural persons, but not for corporations) the privilege against self-incrimination, which, in general terms, permits a person to refuse to testify if the testimony might incriminate himself. It does not appear likely to this Court that any privilege under US law would apply with respect to the discovery requests described above.

## SPECIAL PROCEDURES

This Court has entered a Protective Order in this case, which provides protections for parties or non-parties that produce confidential and proprietary information or trade secrets in the course of this litigation. A copy of the protective order is attached. The Protective Order provides specific protections for parties or non-parties producing source code. The protections are described in detail beginning at paragraph 13 of the Protective Order.

Due to difficulties of international travel during the COVID-19 pandemic, this Court requests that SMI and Phison be ordered to produce the source code for inspection in accordance with the procedures outlined in the Protective Order on a date to be agreed by each company separately and counsel for the parties within one month of issuance of an order for production by

the appropriate judicial authority of Taiwan, or else at a location, within or outside of Taiwan, to be determined by the appropriate judicial authorities of Taiwan.

This Court offers assurances to the appropriate judicial authorities of Taiwan that it understands and takes very seriously Taiwanese companies' interest in the confidentiality of their source code and will strictly enforce the Protective Order.

This Court further requests that the testimony of the witnesses be given in court, under oath, and that the answers be transcribed verbatim. The Court further requests that representatives of UTL and Micron be permitted to put questions to the witnesses concerning the authenticity of the source code produced.

This Court further requests that the parties' representatives listed above be given advance notice, by email, of the time and place of all proceedings to be held in connection with this Letter Rogatory and of the time and place for the witness's testimony.

## RECIPROCITY AND COSTS

This Court thanks the authorities of Taiwan for their assistance in this matter and expresses its willingness to provide similar judicial assistance to the judicial authorities of Taiwan in similar cases and in other civil or commercial matters. The Court refers in particular to Title 28, Section 1782 of the United States Code, a statute that authorizes a United States court, on application by a foreign judicial authority or by any interested person, to issue an order authorizing service of a subpoena for documents or for testimony.

This Court is willing to issue orders to compel the plaintiff to reimburse the judicial authorities of Taiwan for costs incurred in executing this letter rogatory.

_____
THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE