IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNIFICATION TECHNOLOGIES LLC,<br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., et al.,<br>Defendants. | 6:20-cv-500-ADA |

**OPINION & ORDER**

Came on for consideration this date are (1) Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion to Transfer, and in the alternative, Reply in Support of Defendants' Motion to Transfer, ECF No. 106 (the "Motion to Strike"), and (2) Defendants' Renewed Motion for Intra-District Transfer of Venue to the Austin Division of the Western District of Texas, ECF No. 98 (the "Renewed Transfer Motion"). After careful consideration of the motions, the Parties' briefs, and the applicable law, the Court **DENIES** Defendants' Motion to Strike and **GRANTS** Defendants' Renewed Motion for Intra-District Transfer.

**I. BACKGROUND**

On June 5, 2020, Unification Technologies, LLC ("UTL") filed suit against Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC (collectively, "Micron") in this Division, alleging patent infringement.

On September 10, 2020, the Parties stipulated to transfer this Action to the Austin Division "for the convenience of the parties and witnesses and in the interest of justice, pursuant to 28 U.S.C. § 1404(b)." ECF No. 31 (the "Stipulation") at 1. The Stipulation continued, "Micron and UTL request that an Order be entered directing the Clerk of Court to transfer the above-captioned case to the Austin Division but to remain on the docket of this Court." *Id.* at 1–2.

1

On September 25, 2020, before the Court acted on the Stipulation, Micron filed a Motion for Intra-District Transfer of Venue to the Austin Division of the Western District of Texas, analyzing convenience under 28 U.S.C.§ 1404(a). ECF No. 34 (the "Original Transfer Motion"). UTL did not oppose the motion "but reserve[d] the right to file a response after reviewing Micron's brief." *Id.* at 1. It did not exercise that right.

On March 5, 2021, the undersigned communicated during this Action's *Markman* hearing:

> I am aware of the motion to transfer to Austin. We have been slow to transfer things to Austin in large part because of the difficulties they have had in reopening because of COVID. And those—even though a trial down the road, whenever this trial would be in, let's say, in a year or less, we would assume we won't have COVID issues, it's still—Austin is going to have a tough time getting restarted. And so, I'm going to delay ruling on that motion until we get closer to trial. But I can assure the parties that if it's appropriate to transfer this case to Austin, that's what I'm going to do.

ECF No. 75 at 38:9–20. Then, on May 6, 2021, this Court entered a text order denying the Original Transfer Motion without prejudice, instructing Micron to "re-file this motion as trial approaches so the Court can evaluate if transfer is proper under § 1404 and whether the Austin Courthouse will be open in time for this trial."

On November 29, 2021, Micron filed its Renewed Transfer Motion, simply re-urging its Original Transfer Motion. *See* ECF No. 98. The next day, the Court e-mailed the Parties, stating that this Action would not remain with the undersigned if transferred. In response, UTL claimed it conditioned its Stipulation and non-opposition to the Original Transfer Motion on the Court's earlier representations to the contrary. UTL reasoned that this new development entitled it to respond to the Renewed Transfer Motion. Micron disagreed, asserting that UTL's failure to respond to the Original Transfer Motion waived any opposition to the Renewed Transfer Motion. The Court elected to resolve this dispute through motion practice.

On December 13, 2021, UTL filed an opposition to the Renewed Transfer Motion. ECF No. 103. Micron then moved to strike that opposition while, in the alternative, replying to it. ECF No. 106. UTL responded to the Motion to Strike on January 3, 2022, ECF No. 109, to which Micron replied on January 6, 2022, ECF No. 110. The Renewed Transfer Motion and Motion to Strike are now ripe for judgment.

## II. LEGAL STANDARD

In patent cases, motions to transfer under § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the [transfer] destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public

factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. The weight the Court gives to each of these assorted convenience factors will necessarily vary from case to case. *See Burbank Int'l, Ltd. v. Gulf Consol. Int'l, Inc.*, 441 F. Supp. 819, 821 (N.D. Tex. 1977). A court should not deny transfer where "only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum." *In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013).

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). The burden that a movant must carry is not that the alternative venue is more convenient, but that it is *clearly* more convenient. *Volkswagen II*, 545 F.3d at 314 n.10. While "clearly more convenient" is not explicitly equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show that that factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

### III. ANALYSIS

#### A.   Motion to Strike

Micron argues that because UTL originally stipulated to transfer and did not oppose the Original Transfer Motion, UTL's opposition to the Renewed Transfer Motion should be struck as having been waived. ECF No. 106 at 1–2. UTL responds, noting how Micron did not "cite any

4

authority for its claim that the renewed motion to transfer should be deemed a retroactive filing." ECF No. 110 at 1. UTL does not dispute that it waived opposition to the Original Transfer Motion but argues instead that its previous waiver does not preclude opposition to subsequent transfer motions. *See id.*

Micron's Motion to Strike is **DENIED**. The Court will not treat the Renewed Transfer Motion as relating back to the Original Transfer Motion such that UTL's non-opposition to the latter precludes UTL from opposing the former. At the March 5, 2021 *Markman* hearing, the Court explained how, given the state of the pandemic and its effect on the Austin courthouse, deferring the transfer question was efficient from an administrative standpoint. But it also suggested that facts may arise that would change the transfer calculus. In that same spirit, UTL should not be barred from commenting on recent developments affecting that calculus merely because UTL previously elected, based on the factual landscape at that time, to waive opposition to transfer.

The Court holds so despite Micron's reliance on Federal Circuit jurisprudence indicating "that courts should evaluate the transfer factors as of the time the plaintiff filed the lawsuit." ECF No. 106 at 1. Micron suggests that the § 1404(a) inquiry cannot contemplate facts arising after an action commences. This Court disagrees. To be sure, the Federal Circuit has endorsed this position in non-precedential opinions. *See In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) ("Motions to transfer venue are to be decided based on 'the situation which existed when suit was instituted.'" (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960))); *In re Netscout Sys.*, No. 2021-173, 2021 U.S. App. LEXIS 30500, at *12 (Fed. Cir. Oct. 13, 2021) ("[W]e have rejected a district court's reliance on considerations of judicial economy arising after the filing of the lawsuit or the transfer motion . . . ."). These opinions ultimately rely on *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960), but in doing so, overextend it.

The *Hoffman* opinion held that courts must judge the transferee forum's personal jurisdiction without reference to post-complaint facts; it did not bar those facts from the convenience analysis. The dispute in *Hoffman* focused on § 1404(a), which then read: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See Hoffman*, 363 U.S. at 335. More specifically, the Court was concerned with the effect of the past-participial phrase, "where it might have been brought." It concluded that an action "might have been brought" only in a forum where jurisdiction *was* appropriate when the plaintiff filed its complaint. *See id.* at 342–43.

No past-participial phrase affects the "convenience" portion of § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action." There is no suggestion, then, that the convenience analysis must be retrospective. The *Hoffman* opinion did not even purport to interpret the "convenience" language of § 1404(a); convenience was not a disputed issue. This Court refuses to hold, then, that the convenience analysis is fixated on pre-complaint facts merely because the evaluation of where an action "might have been brought" must be.[1] *Cf. Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 34 (1988) (Scalia, J., dissenting) ("[T]he courts in applying § 1404(a) have examined a variety of factors, each of which pertains to facts that currently exist or will exist . . . ."); *Seagen Inc. v. Daiichi Sankyo Co.*, No. 2:20-CV-00337-JRG, 2021 U.S. Dist. LEXIS 156331, at *5 (E.D. Tex. Apr. 19, 2021) ("[W]hether to transfer a case for convenience bears primarily on post-complaint matters.").

---

[1] Which is not to say that a court must weigh all post-complaint facts. *See In re Netscout*, 2021 U.S. App. LEXIS 30500, at *12-13 ("To the extent that post-motion events may ever be considered in a section 1404(a) analysis, we must guard against manipulative measures designed to defeat transfer to a more convenient venue.").

Holding otherwise permits transfer to a proper forum that, at the time of transfer, is *inconvenient*—so long as it *was* convenient when the suit was filed. It cannot be said that such a transfer is "[f]or the convenience of parties and witnesses." In determining the propriety of the Renewed Transfer Motion, this Court will consider facts arising after the Original Transfer Motion and it will not preclude UTL's arguments on those facts.

### B.     UTL's Transfer Arguments

UTL did not, however, point to any facts arising between the filing of the Original Transfer Motion and the Renewed Transfer Motion that could motivate UTL to disavow in earnest its original position that Austin was more convenient than Waco. More than a year ago, UTL went above and beyond in stipulating that transfer to Austin would be "for the convenience of the parties and witnesses and in the interest of justice." ECF No. 31 at 1. While § 1404(a)'s text requires a party seeking transfer to establish such "convenience" and "interest of justice," Micron and UTL bore no such burden, having applied under 28 U.S.C. § 1404(b), which requires only a stipulation for transfer. Yet UTL still agreed to comment on Austin's convenience. Consistent with the Stipulation, UTL did not register any opposition to Micron's Original Transfer Motion under § 1404(a). *See* ECF No. 34 at 1. The Court accords this Stipulation and non-opposition great weight in determining the propriety of transfer now. UTL cannot so easily cast this conduct aside; it is probative of the balance of conveniences at the time (even if UTL premised its conduct on this Action remaining with the undersigned).

UTL has not shown how that balance of conveniences has changed, if at all, since the Original Transfer Motion. In its opposition to Micron's Renewed Transfer Motion, UTL primarily challenged the sufficiency of the evidence and allegations supporting Micron's § 1404(a) analysis. These objections, which could have been raised when Micron filed its Original Transfer Motion, smack of gamesmanship, diminishing their force. UTL did allude to recent developments affecting

7

the transfer analysis, but only in the context of the practical-problems and docket-congestion factors.

UTL argued that the practical-problems factor favors maintaining this Action here under a judicial economy rationale. *See* ECF No. 103 at 7–8. This Action has reached an advanced stage so maintaining it here serves judicial economy. Having become familiar with this Action's technical subject matter and legal issues, this Court is best suited to ferry this Action through to trial. But that is only so because the Court deferred final resolution of the transfer question, instructing Micron to reurge its § 1404(a) motion nearer to trial. The Court will not wield a delay of its own making to defeat Micron's Renewed Transfer Motion. To the contrary, the Court credits Micron for originally seeking transfer relatively early on, in September 2021, well before this Court issued an order on Micron's motion to dismiss, ECF No. 55 (issued January 28, 2021), and around half-a-year before the *Markman* hearing, ECF No. 66 (held March 5, 2021). The developments UTL relies on, therefore, cannot, under these circumstances, affect this factor.

UTL also argues that the docket-congestion factor favors maintaining this Action here at least because "the Austin Division does not appear to have completed a jury trial during the pandemic," while this Division has completed several. The Federal Circuit has recently counseled that, even if the pandemic is generating a backlog of trials in Austin (an issue not yet affecting Waco), this factor "should not alone outweigh all . . . other factors." *In re Apple Inc.*, No. 2021-187, 2021 U.S. App. LEXIS 29659, at *7 (Fed. Cir. Oct. 1, 2021) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009)). (This Court did not have the benefit of this guidance when denying the Original Transfer Motion.) Accordingly, this development has little effect on the transfer analysis. *See also id.* (deeming this factor the "most speculative").

The Court is not persuaded that these developments could motivate UTL to disavow its original position that transfer was "for the convenience of the parties and witnesses and in the interest of justice." In view of the evidence and arguments in Micron's Original Transfer Motion (supplemented by new evidence in Micron's reply in support of the Renewed Transfer Motion), the representations in the Stipulation, UTL's non-opposition to the Original Transfer Motion, intervening authority like *In re Apple*, and UTL's failure to adduce facts arising after the Original Transfer Motion sufficient to overturn the Parties' earlier consensus that Austin was clearly more convenient, the Court is persuaded that transfer to Austin accords with § 1404(a). The Court therefore **GRANTS** Micron's Renewed Transfer Motion.

## IV. CONCLUSION

It is therefore **ORDERED** that Micron's Motion to Strike [ECF No. 106] is **DENIED** and Micron's Renewed Transfer Motion [ECF No. 98] is **GRANTED**. The docket clerk is instructed to transfer this Action to the Austin Division of this District.

SIGNED this 10th day of January, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE